**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Mario Dustin CONCORDIA, Appellee.**

Superior Court of Pennsylvania.

Submitted June 9, 2014.

Filed July 23, 2014.

---

Alisa R. Hobart, Assistant District Attorney, Reading, for Commonwealth, appellant.

Amy J. Shaffer, Public Defender, Reading, for appellee.

BEFORE: BENDER, P.J.E., BOWES, and PANELLA, JJ.

OPINION BY BOWES, J.:

The Commonwealth appeals the order terminating the probationary aspect of Mario Dustin Concordia's county intermediate punishment sentence of ninety days incarceration and five years probation. We vacate the order and remand for addi-

tional proceedings consistent with this decision.

On March 4, 2010, Appellee pled guilty to driving under the influence of alcohol, his second offense. In addition, Appellee refused blood testing. Accordingly, Appellee's offense was a misdemeanor of the first degree. At the time of Appellee's plea, such a plea could result in a five-year sentence. *See* 75 Pa.C.S. § 3803(b)(4); 18 Pa.C.S. § 106(b)(6). The court sentenced Appellee that same date to a county intermediate punishment sentence, which included ninety days in the Berks County Correctional Facility, with credit for eighty-seven days in an inpatient treatment facility. The court also imposed five years probation as part of the intermediate punishment sentence.

Subsequently, on June 28, 2013, this Court decided *Commonwealth v. Musau,* 69 A.3d 754 (Pa.Super.2013). Although *Musau* was decided after Appellant's plea and sentence, because it involved a first-time question of statutory interpretation, it is not a new rule of law, and generally would apply retroactively. *Fiore v. White,* 562 Pa. 634, 757 A.2d 842, 848 (2000) ("when we have not yet answered a specific question about the meaning of a statute, our initial interpretation does not announce a new rule of law.");[1] *Commonwealth v. Infante,* 63 A.3d 358 (Pa.Super.2013).

In *Musau,* a panel of this Court concluded that a defendant convicted of a second-time DUI under 75 Pa.C.S. § 3802(a)(1), and who refused the breath test could only be sentenced to a maximum of six months imprisonment. Here, Appellee refused breath/blood testing and was convicted of a second-time DUI pursuant to § 3802(a)(1), and the court sentenced him to the aforementioned county intermediate punishment sentence. The five-year probationary portion of the sentence plainly exceeds the statutory maximum of six months that the *Musau* Court held applied to convictions like Appellee's. The *Musau* Court reached its result by finding a conflict between 75 Pa.C.S. § 3803(a)(1) and § 3803(b)(4). The first provision states:

(a) **Basic offenses.**—Notwithstanding the provisions of subsection (b):

(1) An individual who violates section 3802(a) (relating to driving under influence of alcohol or controlled substance) and has no more than one prior offense commits a misdemeanor for which the individual may be sentenced to a term of imprisonment of not more than six months and to pay a fine under section 3804 (relating to penalties).

75 Pa.C.S. § 3803(a)(1). In contrast, § 3803(b)(4) provides, "(4) An individual who violates section 3802(a)(1) where the individual refused testing of blood or breath, or who violates section 3802(c) or (d) and who has one or more prior offenses commits a misdemeanor of the first degree." 75 Pa.C.S. § 3803(b)(4).

Musau argued that the use of the term "notwithstanding" meant "nevertheless" or "in spite of" and reasoned that a plain language reading of § 3803(a)(1) trumped § 3803(b)(4). The Commonwealth countered that basic rules of statutory construction set forth that a statute is to be construed to give effect to all of its provisions and that the legislature is not presumed to intend language to be mere surplusage. The panel in *Musau* found in favor of Musau.[2] Thus, *Musau* declares

---

1. There has been some debate amongst the jurists on the Pennsylvania Supreme Court on whether the Superior Court can announce a

new rule of law at all. *See Passarello v. Grumbine,* —— Pa. ——, 87 A.3d 285 (2014).

2. A logical interpretation of the statutes in question that gives effect to all of the provi-

sentences exceeding six months incarceration for the very offense that Appellee pled guilty to be illegal.

Accordingly, Appellee filed a counseled motion to correct his illegal sentence on September 17, 2013, arguing that *Musau* entitled him to relief. The court conducted a brief hearing on September 27, 2013. Therein, the court indicated that the adult probation office had an early termination form and informed counsel, "[m]ake sure you've done everything he was supposed to do, okay, I'll terminate him early." N.T., 9/27/13, at 3. Thereafter, on October 16, 2013, Appellee submitted an amended motion to correct illegal sentence, indicating that he had completed the requirements of his county intermediate punishment program. The court terminated Appellee's county intermediate sentence on October 18, 2013. This timely Commonwealth appeal ensued.

The court directed the Commonwealth to file and serve a Pa.R.A.P. 1925(a) concise statement of errors complained of on appeal. The Commonwealth complied, claiming that the court was without jurisdiction to terminate Appellant's probation under 42 Pa.C.S. § 5505, and arguing that *Musau* was incorrectly decided. The court authored a brief Pa.R.A.P. 1925(a) statement explaining its reasons for the

entry of its order, setting forth that Appellant's sentence was illegal. The Commonwealth now raises two issues on appeal.

A. Did the trial court lack jurisdiction to modify the DUI intermediate punishment order over three years after it was imposed?

B. Additionally, did the trial court err in finding that the sentence imposed was illegal in light of the decision in *Commonwealth v. Musau*, as that case was incorrectly decided?

Commonwealth's brief at 4.

The Commonwealth's initial position is twofold, although it did not raise its latter argument before the trial court. First, the Commonwealth contends that pursuant to 42 Pa.C.S. § 5505,[3] the court could not modify its order beyond thirty days after its entry. Second, the Commonwealth argues that Appellee's motion should have been treated as an untimely PCRA petition since it challenged the legality of his sentence. In this latter respect, it points out that Appellee had one year from the finalization of his sentence to file a timely PCRA petition.

■ Appellee's sentence became final for purposes of the PCRA statute thirty days after the entry of his sentence since he did not file a direct appeal. 42 Pa.C.S.

sions is that section 3803(b)(4) applies to defendants who are guilty of DUI-general impairment, who **refused the BAC test,** and have one or more DUI offenses. In contrast, section 3803(a)(1) applies to defendants who have no more than one prior DUI offense and are guilty of either DUI-general impairment **and did not refuse a BAC test** or DUI-lowest rate of BAC. Section 3803(a)(1) is inapplicable where a defendant refuses a BAC test and has at least one prior DUI offense. Simply put, § 3803(a)(1) does not apply to those who refuse a breath/blood test. Rather, a first-time DUI defendant who does not refuse breath/blood testing and whose BAC is below .08%, but still was generally impaired in his driving, is subject to a six-month maximum

sentence under § 3803(a)(1). Notwithstanding this interpretation, *Musau* is the current law and binding on this panel. However, as noted by the Commonwealth, our Supreme Court is currently considering this issue in *Commonwealth v. Mendez,* 620 Pa. 600, 71 A.3d 250 (2013).

**3.** 42 Pa.C.S. § 5505 provides, "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed."

§ 9545(b)(3); *Commonwealth v. Pollard,* 911 A.2d 1005 (Pa.Super.2006). As the thirtieth day fell on Saturday, April 3, 2010, Appellee had until April 5, 2010, to file an appeal. Under the PCRA, Appellee then had one year from that date to file a timely petition. 42 Pa.C.S. § 9545(b)(3). Thus, to timely file a PCRA petition, Appellee had until April 5, 2011. Appellee filed the instant motion on September 17, 2013. Hence, if the motion is considered a PCRA petition, it is untimely. Moreover, because the timeliness of a PCRA petition is jurisdictional, the issue cannot be waived by the Commonwealth, despite its failure to address this issue before the lower court. *Commonwealth v. Gandy,* 38 A.3d 899, 902 (Pa.Super.2012) ("Even where neither party nor the PCRA court have addressed the matter, 'it is well-settled that we may raise it *sua sponte* since a question of timeliness implicates the jurisdiction of our Court.'").

Appellee counters that under 42 Pa.C.S. § 9773(a), a trial court "may at any time terminate a sentence of county intermediate punishment or increase or decrease the conditions of a sentence pursuant to section 9763." 42 Pa.C.S. § 9773(a). He continues that, under *Musau, supra,* his sentence exceeded the statutory maximum and was illegal. Appellee maintains that a sentence that is illegal from its inception is always subject to correction and that a trial court retains inherent authority to correct obvious and patent mistakes.

■ We begin by noting that, "[s]ubject matter jurisdiction relates to the competency of a court to hear and decide the type of controversy presented." *Commonwealth v. Bethea,* 574 Pa. 100, 828 A.2d 1066, 1074 (2003). In *In re Melograne,* 571 Pa. 490, 812 A.2d 1164 (2002), our Supreme Court discussed the distinction between subject matter jurisdiction and the power of a court, opining:

jurisdiction relates solely to the competency of the particular court or administrative body to determine controversies of the general class to which the case then presented for its consideration belongs. Power, on the other hand, means the ability of a decision-making body to order or effect a certain result.

*Id.* at 1167.

■ Generally, 42 Pa.C.S. § 5505 precludes the entry of an order modifying a final order more than thirty days after its entry. Our Supreme Court has interpreted § 5505 as jurisdictional, and not related to the power of the court to act. *See Commonwealth v. Holmes,* 593 Pa. 601, 933 A.2d 57, 65 (2007). Only in rare circumstances can a court act outside this period. In this respect, our Supreme Court has held that a court retains inherent jurisdiction to correct obvious and patent errors in its orders. *See Holmes, supra.*

At the same time, the *Holmes* Court explained, "we note that it is the obviousness of the illegality, rather than the illegality itself, that triggers the court's inherent power. **Not all illegal sentences will be amenable to correction as patent errors.**" *Id.* at 67 (emphasis added). The Court in *Holmes* continued, "the cases at bar are not cases where a court reconsidered the application of its sentencing discretion or **its interpretation of a nuanced or ambiguous statutory provision.**" *Id.* (emphasis added). This case does not involve an obvious and patent error since the legality of sentence issue was not apparent from the record at the time of sentencing, but is based on a subsequent interpretation of nuanced statutory provisions. Of course, this Court has also stated that fraud and extraordinary circumstances may warrant a trial court's action outside the normal thirty-day paradigm. *Com-*

*monwealth v. Walters,* 814 A.2d 253 (Pa.Super.2002).

In *Walters,* the Commonwealth appealed a court's decision to allow the defendant therein to withdraw his *nolo contendere* plea. Therein, the defendant entered a plea in 1993 and was sentenced to five and one-half to sixteen years incarceration. In 1996, Walters sought PCRA relief, but abandoned his petition. Subsequently, in 2001, Walters filed what he labeled as a motion to modify his sentence *nunc pro tunc.* The court permitted Walters to withdraw his plea so he could enter a new plea and sentenced Walters to time served and an eight-year probationary period.

This Court applied 42 Pa.C.S. § 5505, and held that the court lacked jurisdiction to allow the withdrawal of the plea. We opined that, absent fraud or a patent and obvious mistake, the court could not alter the order more than thirty days from its entry. The *Walters* Court added that extraordinary circumstances could justify judicial intervention. The trial court reasoned that extraordinary circumstances existed because it did not believe the defendant would serve a sentence in excess of five and one-half years, and if it had known that the defendant would not have been paroled, it would have structured the sentence differently. This Court rejected that position.

 In addition, while challenges to the legality of a defendant's sentence cannot be waived, they ordinarily must be raised within a timely PCRA petition. *Commonwealth v. Fahy,* 558 Pa. 313, 737 A.2d 214, 223 (1999). This is because the PCRA statute is intended as the sole means of collaterally challenging a sentence. *See* 42 Pa.C.S. § 9542; *Commonwealth v. Taylor,* 65 A.3d 462 (Pa.Super.2013); *Commonwealth v. Infante,* 63 A.3d 358 (Pa.Super.2013); *Commonwealth v. Fowler,* 930 A.2d 586 (Pa.Super.2007);

*cf. Commonwealth v. Haun,* 613 Pa. 97, 32 A.3d 697 (2011) (discussing § 9542 and sole means language). It is beyond cavil that illegal sentencing claims pertaining to a sentence that exceeds a lawful maximum are cognizable under the PCRA. 42 Pa. C.S. § 9543(a)(2)(vii). Claims that are cognizable under the PCRA are to be pursued within the parameters of that statute. *Cf. Commonwealth v. Chester,* 557 Pa. 358, 733 A.2d 1242, 1251 (1999), *abrogated on other ground by Commonwealth v. Grant,* 572 Pa. 48, 813 A.2d 726 (2002) ("as petitioner's penalty phase claims are cognizable under the PCRA they will be addressed solely within the context of the PCRA, and any remedy to be afforded petitioner must be within the scope of the PCRA."); *Commonwealth v. Hall,* 565 Pa. 92, 771 A.2d 1232, 1235 (2001) ("the General Assembly intended that claims that **could** be brought under the PCRA **must** be brought under that Act. No other statutory or common law remedy 'for the same purpose' is intended to be available; instead, such remedies are explicitly 'encompassed' within the PCRA.") (emphases in original).

Thus, at first blush it would appear that Appellee's petition should have been treated as a PCRA petition. *See Commonwealth v. Taylor,* 65 A.3d 462 (Pa.Super.2013); *Commonwealth v. Jackson,* 30 A.3d 516, 521 (Pa.Super.2011) (discussing motion to correct illegal sentence and opining, "any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition."); *Commonwealth v. Beck,* 848 A.2d 987, 989 (Pa.Super.2004); *Commonwealth v. Guthrie,* 749 A.2d 502, 503 (Pa.Super.2000). Further, our Supreme Court has consistently interpreted the PCRA's one-year time-bar as jurisdictional, and not a statute of limitations limiting the power of the court to effectuate relief. *Fahy, supra* at 222; *see also Com-*

monwealth v. Peterkin, 554 Pa. 547, 722 A.2d 638 (1998).

■■ The lawfulness of a probationary sentence, i.e., whether it exceeds the legal maximum, can be challenged via the PCRA. 42 Pa.C.S. § 9543(a)(1)(i); 42 Pa. C.S. § 9543(a)(2)(vii). Accordingly, despite both our Supreme Court and this Court recognizing that a probationary order "does not constitute a final disposition of a criminal case[,]" Commonwealth v. Buksa, 440 Pa.Super. 305, 655 A.2d 576, 580 (1995),[4] a legality of sentence challenge to probation must be leveled in a PCRA petition. County intermediate punishment programs are similar to traditional probation sentences, see Fowler, supra at 593 n. 8; indeed, 42 Pa.C.S. § 9773 is analogous to 42 Pa.C.S. § 9771(a),[5] governing probation. Nonetheless, the interplay between § 9773(a) and the PCRA time-bar, 42 Pa. C.S. § 9545(b)(1),[6] has not been explored and is a matter of first impression.

■ Section 9773(a) plainly provides that a trial court retains the ability to terminate a county intermediate punishment sentence at any time, but the PCRA statute precludes correcting sentences that exceed the statutory maximum unless the petitioner files a timely PCRA petition. 42 Pa.C.S. § 9773(a). Issues of statutory interpretation are questions of law; accordingly, our standard of review is de novo

and our scope of review plenary. Commonwealth v. Sarapa, 13 A.3d 961, 962–963 (Pa.Super.2011). "In interpreting statutes, we are guided by the Statutory Construction Act, 1 Pa.C.S. §§ 1501–1991, as well as our decisional law." Commonwealth v. Hansley, 616 Pa. 367, 47 A.3d 1180, 1185 (2012).

"Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both." 1 Pa.C.S. § 1933. Should the conflict between the statutes be irreconcilable, "the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail." Id. Further, when a conflict between statutes passed by different General Assemblies is irreconcilable, "the statute latest in date of final enactment shall prevail." Hansley, supra at 1186 (citing 1 Pa.C.S. § 1936).

■ Instantly, we decline to find an irreconcilable conflict between the PCRA time-bar and the court's jurisdiction to terminate a county intermediate punishment sentence at any time. It is apparent that a court has both jurisdiction and authority to terminate county intermediate punish-

---

4. Pennsylvania courts treat probation as "an interlocutory judgment, in the nature of a conditional order placing the defendant under the supervision and control of the court, in a system of tutelage designed for his reformation, to be followed by a final judgment of discharge, if the conditions of his probation are complied with[.]" Commonwealth v. Buksa, 440 Pa.Super. 305, 655 A.2d 576, 580 (1995). Our Supreme Court has distinguished between probation and a non-probationary judgment of sentence stating that "there can be no finality based on the entry of the order of probation." Commonwealth v. Nicely, 536 Pa. 144, 638 A.2d 213, 217 (1994).

5. 42 Pa.C.S. § 9771(a) reads, "The court may at any time terminate continued supervision or lessen or increase the conditions upon which an order of probation has been imposed."

6. 42 Pa.C.S. § 9545(b)(1) provides in relevant part, "Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]"

ment throughout the period of the conditional sentence. The term "terminate" includes, but is not limited to, revocation following a hearing since the statute uses those phrases separately. *Compare* 42 Pa. C.S. § 9773(a) with 42 Pa.C.S. § 9773(b). The court's jurisdiction to terminate a county intermediate punishment sentence, when it is not revoking the sentence, however, cannot be grounded on the basis that the sentence was illegal when imposed, where the request to terminate occurs outside the PCRA's one-year time bar. Rather, once a defendant cannot satisfy the PCRA's time requirements, a court can only terminate intermediate punishment upon concluding that the defendant has complied with all of his sentencing conditions and demonstrated that he or she is no longer in need of supervision.

 Thus, while the trial court was competent to terminate the probationary aspect of Appellee's county intermediate punishment sentence under 42 Pa.C.S. § 9773, it erred in doing so insofar as it based its decision on an untimely challenge to the legality of Appellee's sentence. In sum, illegal sentencing challenges arguing that a sentence exceeds the lawful maximum are to be pursued via a timely PCRA petition, *see Taylor, supra* (collecting cases), but a court retains jurisdiction to terminate a county intermediate sentence where it finds that the purpose of county intermediate punishment has been met and the defendant has completed the necessary programs and conditions of the sentence and is no longer in need of supervision. Since the court indicated that it was terminating the sentence because it was deemed illegal under *Musau,* we vacate the order.

 Nevertheless, the court below also indicated that it would terminate Appellee's probation if he had complied with his intermediate punishment program and completed "everything he was supposed to do[.]" N.T., 9/27/13, at 3. It also noted that the adult probation office had forms for the early termination of probation, which would not relate to an illegal sentence. Thus, while the court did not have jurisdiction to end Appellee's sentence due to its illegality based on the PCRA statute, it could lawfully terminate Appellee's sentence on other grounds. Accordingly, we remand to allow the court to clarify if termination was warranted absent the legality of sentence concern.

Order vacated. Case remanded for additional proceedings. Jurisdiction relinquished.