J. S71015/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,  :    IN THE SUPERIOR COURT OF
                                :           PENNSYLVANIA
              Appellant    :
                                :
                 v.         :        No. 838 MDA 2014
                                :
WILLIAM E. BAKER            :

Appeal from the Judgment of Sentence, April 17, 2014,
in the Court of Common Pleas of York County
Criminal Division at No. CP-67-CR-0000771-2014

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA AND FITZGERALD,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED JANUARY 16, 2015**

The Commonwealth appeals from the judgment of sentence of April 17, 2014.  We affirm.

On April 17, 2014, appellee pled guilty to one count each of fleeing and eluding, driving under the influence ("DUI") -- refusal, and driving with a suspended license -- DUI related.  Appellee's DUI -- refusal was a second offense.  The trial court imposed an aggregate sentence of 18 to 30 months' incarceration, including a 3 to 6-month sentence on count 2, DUI -- refusal. The Commonwealth filed a notice of appeal on May 14, 2014.  The Commonwealth complied with Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A., and the trial court has filed an opinion.

The Commonwealth argues that the statutory maximum for a second offense refusal DUI is 5 years, not 6 months as the trial court stated.  (*See*

---

* Former Justice specially assigned to the Superior Court.

notes of testimony, 4/17/14 at 2 ("We are bound to follow the law as set forth by the Appellate Courts to our best ability to do so. It is a 6-month maximum, not a 5-year maximum.").)

This issue was directly addressed by this court in *Commonwealth v. Musau*, 69 A.3d 754 (Pa.Super. 2013), wherein we concluded that a defendant convicted of a second-time DUI under 75 Pa.C.S.A. § 3802(a)(1), and who refused the breath test could only be sentenced to a maximum of 6 months' imprisonment. Although the Commonwealth contends that *Musau* was wrongly decided, we are bound by its holding. *See Commonwealth v. Pepe*, 897 A.2d 463, 465 (Pa.Super. 2006), *appeal denied*, 946 A.2d 686 (Pa. 2008), *cert. denied*, 555 U.S. 881 (2008) ("It is beyond the power of a Superior Court panel to overrule a prior decision of the Superior Court") (citation omitted). *See also Commonwealth v. Concordia*, 97 A.3d 366, 370 n.2 (Pa.Super. 2014) (criticizing *Musau* but acknowledging its binding effect).

The Commonwealth cites *Commonwealth v. Barr*, 79 A.3d 668 (Pa.Super. 2013), which is wholly inapposite. *Barr* had nothing to do with the maximum legal sentence for a second offense refusal DUI. Rather, *Barr* held that because the implied consent warnings are a necessary component of a valid "refusal," and since the defendant's alleged refusal to submit to a chemical test increased the penalty for the defendant's DUI conviction beyond the prescribed statutory maximum, the issue concerning the

defendant's alleged refusal needed to be submitted to a jury and proved beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466 (2000), demands that the trial court submit to the jury -- and the Commonwealth prove beyond a reasonable doubt -- the issue of whether the officer informed the defendant of the requisite warnings. *Barr* can in no way be construed as invalidating *Musau*, nor could it have, as *Barr* was likewise a panel decision.

The Commonwealth also notes that our supreme court recently granted allowance of appeal in *Commonwealth v. Mendez*, 71 A.3d 250 (Pa. 2013), to address the issue. However, the grant of allowance of appeal in *Mendez* cannot be viewed as an intention by our supreme court to overrule *Musau*. Even when our supreme court has granted an appeal for purposes of determining the question before the panel deciding a case, the prior panel's decision nevertheless remains binding. *Pepe*, 897 A.2d at 465 (we cannot disregard a previous decision of this court simply because the question is currently "on appeal" to our supreme court).

As the trial court did not err in imposing sentence pursuant to *Musau*, we will affirm the judgment of sentence.

Judgment of sentence affirmed.[1]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/16/2015</u>

---

[1] We note that on October 29, 2014, the Governor signed Act 189 of 2014 into law, which amends various provisions of the Motor Vehicle Code, including Section 3803(a). The purpose of Act 189 was clearly to remedy or correct the language that this court interpreted in **Musau**. The amended statute, which was to take effect immediately, meaning October 29, 2014, allows for a greater statutory maximum of up to 5 years' imprisonment for a repeat DUI conviction with refusal.