J-S04030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| AMY RUCK HORN, | |
| Appellee | No. 1162 MDA 2014 |

Appeal from the Judgment of Sentence entered June 27, 2014,
in the Court of Common Pleas of York County,
Criminal Division, at No(s): CP-67-CR-0001427-2014

BEFORE:  BOWES, ALLEN, and STRASSBURGER*, JJ.

MEMORANDUM BY ALLEN, J.:                **FILED FEBRUARY 09, 2015**

The Commonwealth of Pennsylvania ("Commonwealth") appeals from the judgment of sentence imposed after Amy Ruck Horn, ("Horn"), pled guilty to her second driving under the influence ("DUI") offense pursuant to 75 Pa.C.S. § 3802(a)(1) (general impairment), where she refused to submit to chemical testing.  The trial court sentenced Horn to a maximum of six months County Intermediate Punishment consistent with this Court's decision in **Commonwealth v. Musau**, 69 A.3d 754 (Pa. Super. 2013).  The Commonwealth presents the following issue for our review:

> WHETHER THE SENTENCING COURT ERRED WHEN IT HELD THAT SIX MONTHS FOR [APPELLANT'S] DRIVING UNDER THE INFLUENCE (REFUSAL) (2ND OFFENSE) CONVICTION WAS THE STATUTORY MAXIMUM ALLOWABLE SENTENCE IT COULD CONSIDER[?]

Commonwealth Brief at 4.

---

*Retired Senior Judge assigned to the Superior Court.

Horn "agrees with and accepts the Statement and Procedural History and factual history set forth in the Commonwealth's Statement of the Facts." Horn's Brief at 1. Horn simply asserts, "As a result of *Musau* being controlling at the time of [Horn's] sentencing, the judgment of sentence should be affirmed." *Id*. at 5.

The Commonwealth's issue concerning the legal maximum sentence for a second DUI conviction involving a chemical testing refusal relates to the legality of the sentence. *Musau, supra*. "Issues relating to the legality of a sentence are questions of law, as are claims raising a court's interpretation of a statute. Our standard of review over such questions is de novo and our scope of review is plenary." *Commonwealth v. Akbar*, 91 A.3d 227, 238 (Pa. Super. 2014).

In *Musau*, this Court determined that a defendant who was convicted of DUI under 75 Pa.C.S. § 3802(a)(1), refused chemical testing for the offense at issue, and had a prior DUI, could be sentenced to a maximum of only six months.

Our review of the record confirms that we are bound by the *Musau* decision. At the plea hearing, the assistant district attorney stated:

> Your Honor, this is a Commonwealth v. Musau case. For the record, the Commonwealth would note its objection to the six-month maximum for appeal purposes. However, we do understand that the Court is bound by that and would have to sentence [Appellant] to a six-month term of intermediate punishment.

N.T., 6/27/14, at 2.

- 2 -

On appeal, the Commonwealth presents a thoughtful and cohesive argument, but reduced to its essence, the Commonwealth's argument is that Horn was sentenced "in error pursuant to" *Musau*, and "the *Musau* interpretation is contrary to the entire premise of Pennsylvania's informed consent and driving under the influence laws." *See* Commonwealth Brief at 7, 15. The Commonwealth persuasively argues that *Musau* was wrongly decided and suggests that we interpret § 3803 to permit a five-year maximum sentence in this case. However, at this writing, although called into doubt by *Commonwealth v. Concordia*, 97 A.3d 366 (Pa. Super. 2014) (noting that the Commonwealth's interpretation of § 3803 was logical), *Musau* remains precedential law, and we are bound by it. The Commonwealth recognized as much with the trial court, *see supra* at 2 (citing the notes of testimony where the assistant district attorney stated "this is a Commonwealth v. Musau case" and "we do understand that the Court is bound by that").

Although the Commonwealth suggests that our decision subsequent to *Musau* in *Commonwealth v. Barr*, 79 A.3d 668 (Pa. Super. 2013) compels a five-year statutory maximum sentence, *Barr* did not involve an interpretation of the conflicting provisions of § 3803 and did not invalidate *Musau*. In *Barr*, we held that the question of whether a defendant refused chemical testing had to be submitted to a jury and proven beyond a reasonable doubt.

The Commonwealth also suggests that our Supreme Court's grant of allowance of appeal in **Commonwealth v. Mendez**, 71 A.3d 250 (Pa. 2013) supports its argument regarding the interpretation of § 3803 and in opposition to **Musau**. In **Mendez**, a majority of the three-judge panel utilized the rules of statutory construction presently advanced by the Commonwealth in determining that § 3803(b)(4) rather than § 3803(a)(1) applied to a § 3802(a)(1) DUI conviction as a second offense, where the defendant refused chemical testing. Our Supreme Court granted review to determine: "In upholding a sentence that exceeds the statutory maximum explicitly set out in 75 Pa.C.S. § 3803, did not the majority violate the rules of statutory construction in order to avoid what it saw as 'problematic consequences' resulting from a straightforward application of the statute?" **Id**. Here, we cannot read any particular outcome as to the grant of allowance of appeal, nor view the grant as an intention by our Supreme Court to overrule **Musau**.

In sum, like the trial court, we are bound by **Musau**. "It is beyond the power of a Superior Court panel to overrule a prior decision of the Superior Court … except in circumstances where intervening authority by our Supreme Court calls into question a previous decision of this Court." **Commonwealth v. Pepe**, 897 A.2d 463, 465 (Pa. Super. 2006) (citations omitted). **See also Regis Insurance Co. v. All American Rathskeller, Inc.**, 976 A.2d 1157, 1161 n.6 (Pa. Super. 2009) (Superior Court panel

lacked power to disregard and overrule binding prior decision).  We are thus constrained to affirm the trial court.

Judgment of sentence affirmed.

Judge Bowes joins the Memorandum.

Judge Strassburger files a Concurring Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/9/2015