J-S04013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| DARRYL GREGORY STEWART, | |
| Appellee | No. 840 MDA 2014 |

Appeal from the Judgment of Sentence April 14, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0004973-2013

BEFORE: BOWES, ALLEN, and STRASSBURGER,[*] JJ.

MEMORANDUM BY BOWES, J.: **FILED APRIL 07, 2015**

The Commonwealth appeals from the judgment of sentence imposed by the trial court on Appellee, Darryl Gregory Stewart, after the court found him guilty of a second offense driving under the influence ("DUI") breath/blood test refusal. The Commonwealth contends that this Court erred in **Commonwealth v. Musau**, 69 A.3d 754 (Pa.Super. 2013).[1] Since we are bound by **Musau**, we affirm.

Officer Andrew Miller effectuated a traffic stop of a silver Mercedes on April 28, 2013, at approximately 2:45 a.m. The officer first observed the

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The issue decided in **Commonwealth v. Musau**, 69 A.3d 754 (Pa.Super. 2013), is currently pending *en banc* review. **Commonwealth v. Grow**, 2017 MDA 2013.

vehicle parked in a no parking zone with its lights on and two people inside the car. Officer Miller activated his lights and Appellant exited from the driver's seat of the car. Initially, Officer Miller asked Appellant to return to his seat, but Appellant walked around to the passenger side of the vehicle. Officer Miller asked Appellant for a form of identification, which he could not provide. However, Appellant informed the officer of his name and date of birth. In addition, Appellant acknowledged having consumed two alcoholic beverages and told the officer that he had parked his vehicle to go to a club located down the street around midnight.

According to Officer Miller, the car was not parked at that location at 1:15 a.m., and Appellant's eyes were glassy and bloodshot. Officer Miller then conducted three field sobriety tests. Based on Appellant's performance, Officer Miller believed that Appellant was intoxicated and placed him under arrest. Subsequently, Officer Miller provided Appellant with chemical test warnings based on Pennsylvania's Implied Consent Law. Appellant refused to be tested. The court found Appellant guilty of DUI-general impairment and determined that he refused chemical testing.[2]

Thereafter, the court imposed a sentence of ninety days to six months incarceration. The Commonwealth noted its objection to the six-month maximum sentence, but acknowledged that the court was bound by this

---

[2] The court also found Appellant guilty of driving with a suspended license.

Court's case law with respect to the maximum available sentence. This Commonwealth appeal ensued. The trial court directed the Commonwealth to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The Commonwealth complied, and the trial court authored its Rule 1925(a) decision. The sole issue leveled on appeal is "whether the sentencing court erred when it held that six months for the Defendant's driving under the influence (refusal) (2nd offense) conviction was the statutory maximum allowable sentence it could consider[.]" Commonwealth's brief at 4.

"In *Musau,* a panel of this Court concluded that a defendant convicted of a second-time DUI under 75 Pa.C.S. § 3802(a)(1), and who refused the breath test could only be sentenced to a maximum of six months imprisonment." ***Commonwealth v. Concordia***, 97 A.3d 366, 369 (Pa.Super. 2014).[3] "The *Musau* Court reached its result by finding a conflict between 75 Pa.C.S. § 3803(a)(1) and § 3803(b)(4)." ***Id***.

The Commonwealth argues that *Musau* was wrongly decided, leads to absurd results, and is at odds with ***Commonwealth v. Barr***, 79 A.3d 668 (Pa.Super. 2013). In support, it offers a comprehensive discussion

---

[3] The legislature has subsequently amended the DUI statute to clarify that a defendant's maximum sentence for the crime herein is not six months but five years. This legislation has no effect on those convicted prior to the change.

regarding statutory interpretation and legislative intent and cites to this Court's critique of that decision in **Concordia**.[4]  In addition, it posits that our Supreme Court's grant of allowance of appeal in **Commonwealth v. Mendez**, 71 A.3d 250 (Pa. 2013), supports its argument that **Musau** was decided incorrectly.

Despite the criticisms leveled by the Commonwealth, we are bound by **Musau**. **Commonwealth v. Pepe**, 897 A.2d 463, 465 (Pa. Super. 2006) (citations omitted) ("It is beyond the power of a Superior Court panel to overrule a prior decision of the Superior Court . . . .except in circumstances where intervening authority by our Supreme Court calls into question a previous decision of this Court.").

Judgment of sentence affirmed.

Judge Allen joins the Memorandum

Judge Strassburger files a Concurring Memorandum.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/7/2015

_____

[4] The author of this memorandum penned the decision in **Commonwealth v. Concordia**, 97 A.3d 366 (Pa.Super. 2014), disagreeing with but applying **Commonwealth v. Musau**, 69 A.3d 754 (Pa. Super. 2013).  In contrast, the learned Judge Strassburger, also on this panel, decided **Musau**.