J-S33033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BARRY CHEESEBORO | |
| Appellant | No. 2431 EDA 2014 |

Appeal from the PCRA Order August 12, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0100191-1998,
CP-51-CR-0206551-1998

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE, J., and LAZARUS, J.

JUDGMENT ORDER BY LAZARUS, J.:              **FILED JUNE 05, 2015**

For the reasons that follow, we affirm the order of the Court of Common Pleas of Philadelphia County, dismissing Barry Cheeseboro's petition for writ of habeas corpus as an untimely petition filed under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA").

Cheeseboro filed a petition for writ of habeas corpus on July 29, 2013, claiming that his sentence violated the Eighth Amendment prohibition against cruel and unusual punishment.  Such a claim constitutes a challenge to the legality of his sentence, ***Commonwealth v. Seskey***, 86 A.3d 237, 241 (Pa. Super. 2014), a claim which is cognizable under the PCRA. ***Commonwealth v. Condordia***, 97 A.3d 366, 372 (Pa. Super. 2014). Because claims that are cognizable under the PCRA are to be pursued within

the parameters of that statute, *id.*, the trial court properly treated Cheeseboro's filing as a PCRA petition.

A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1); *see also Commonwealth v. Bretz*, 830 A.2d 1273, 1275 (Pa. Super. 2003). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3); *see also Commonwealth v. Pollard*, 911 A.2d 1005, 1007 (Pa. Super. 2006). Here, Cheeseboro's judgment of sentence became final no later than November 29, 2004, upon the expiration of the ninety-day period for filing a writ of *certiorari* with the United States Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. Thus, he had one year from that date, or until November 29, 2005, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b). Cheeseboro did not file the instant petition until July 29, 2013, more than 8½ years after his judgment of sentence became final. Accordingly, the PCRA court had no jurisdiction to entertain Cheeseboro's petition unless he pleaded and offered to prove one of the three statutory exceptions to the time bar. *See* 42 Pa.C.S.A. § 9545(b). Cheeseboro failed to do so. Accordingly, the PCRA court properly dismissed his petition.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/5/2015