J-S43040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL LEON HALEY SR. | |
| Appellant | No. 3522 EDA 2014 |

Appeal from the PCRA Order October 20, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0002297-2004;
CP-39-CR-0002527-2004

BEFORE:  GANTMAN, P.J., PANELLA, J., and OLSON, J.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED JULY 21, 2015**

Appellant, Michael Leon Haley Sr., appeals from the order entered in the Lehigh County Court of Common Pleas, which dismissed his second petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

Following a jury trial, Appellant was convicted of attempted criminal homicide, aggravated assault, recklessly endangering another person, terroristic threats, theft by unlawful taking, and unauthorized use of automobiles and other vehicles.  On April 8, 2005, the court sentenced Appellant to an aggregate term of twenty-five (25) to fifty (50) years' imprisonment.  This Court affirmed the judgment of sentence on September

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

15, 2006. *See Commonwealth v. Haley*, 911 A.2d 180 (Pa.Super. 2006) (unpublished memorandum). Appellant did not seek further direct review. On May 22, 2007, Appellant filed his first PCRA petition, which the court denied on June 26, 2009. This Court affirmed on May 4, 2010. *See Commonwealth v. Haley*, 996 A.2d 542 (Pa.Super. 2010) (unpublished memorandum). Appellant filed the current PCRA petition on August 1, 2014. On September 8, 2014, the PCRA court issued Pa.R.Crim.P. 907 notice; Appellant filed a response on September 29, 2014. On October 20, 2014, the court dismissed Appellant's petition as untimely. Appellant filed a timely notice of appeal on November 14, 2014. The court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied.

The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Hackett*, 598 Pa. 350, 956 A.2d 978 (2008). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the PCRA's timeliness provisions allow for very limited circumstances under which the late filing of a petition will be excused. *See* 42 Pa.C.S.A. § 9545(b)(1). A petitioner asserting a timeliness exception must file a petition within 60 days of the date the claim could have been presented. 42

Pa.C.S.A. § 9545(b)(2).

Instantly, although styled as a "*habeas corpus* petition," Appellant's claims are cognizable under the PCRA. **See Commonwealth v. Concordia**, 97 A.3d 366 (Pa.Super. 2014) (stating challenge to legality of sentence is cognizable under PCRA). Therefore, the PCRA court properly treated Appellant's petition as a serial PCRA petition subject to the PCRA's time restrictions. **See** 42 Pa.C.S.A. § 9542 (stating PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose); **Commonwealth v. Deaner**, 779 A.2d 578 (Pa.Super. 2001) (stating any collateral petition raising issues with respect to remedies offered under PCRA will be considered PCRA petition). Appellant's judgment of sentence became final on October 15, 2006, upon expiration of the time to file a petition for allowance of appeal with our Supreme Court. **See** Pa.R.A.P. 1113(a). Appellant filed the current PCRA petition on August 1, 2014, more than seven years after his judgment of sentence became final. Thus, Appellant's petition is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). Appellant made no attempt to plead and prove any exception to the PCRA's time restrictions under Section 9545(b)(1). Thus, the court properly dismissed the petition as time-barred.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/21/2015</u>