J-S43019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| OLIVER MACKLIN | |
| Appellant | No. 2962 EDA 2014 |

Appeal from the PCRA Order October 3, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1003171-1985

BEFORE:  GANTMAN, P.J., PANELLA, J., and OLSON, J.

JUDGMENT ORDER BY PANELLA, J.:                    **FILED JULY 29, 2015**

Appellant, Oliver Macklin, appeals *pro se* from the order entered October 3, 2014, in the Court of Common Pleas of Philadelphia County, which dismissed his serial PCRA[1] petition.  We affirm.

On April 28, 1986, a jury convicted Macklin of murder of the second degree and criminal conspiracy.  On September 24, 1986, the trial court sentenced Macklin to life imprisonment.  This Court affirmed the judgment of sentence on September 1, 1988, and the Pennsylvania Supreme Court denied allocatur on March 30, 1989.  **Commonwealth v. Macklin**, 549 A.2d 1341 (Pa. Super. 1988) (unpublished memorandum), **appeal denied**, 558 A.2d 531 (Pa. 1989).  Macklin thereafter filed four PCRA petitions, all of

---

[1] Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.

which were denied in the court below and affirmed by this Court appeal. On July 29, 2013, Macklin filed the instant PCRA petition, styled as a petition for writ of *habeas corpus*. On August 12, 2014, the PCRA court issued Pa.R.Crim.P. 907 notice; Macklin filed a response on August 25, 2014. On October 3, 2014, the court dismissed Macklin's petition as untimely. This timely appeal followed.

The timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Hackett***, 598 Pa. 350, 956 A.2d 978 (2008). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the PCRA's timeliness provisions allow for very limited circumstances under which the late filing of a petition will be excused. ***See*** 42 Pa.C.S.A. § 9545(b)(1). A petitioner asserting a timeliness exception must file a petition within 60 days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Instantly, although styled as a "*habeas corpus* petition," Macklin's claim is cognizable under the PCRA. ***See Commonwealth v. Concordia***, 97 A.3d 366 (Pa. Super. 2014) (stating challenge to legality of sentence is cognizable under PCRA). Therefore, the PCRA court properly treated Macklin's petition as a serial PCRA petition subject to the PCRA's time restrictions. ***See*** 42 Pa.C.S.A. § 9542 (stating PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and

statutory remedies for same purpose); ***Commonwealth v. Deaner***, 779 A.2d 578 (Pa. Super. 2001) (stating any collateral petition raising issues with respect to remedies offered under PCRA will be considered PCRA petition). Macklin's judgment of sentence became final on May 29, 1989, 60 days after our Supreme Court denied allowance of appeal and the time expired for filing a petition for writ of *certiorari* with the United States Supreme Court. ***See*** 42 PA.CONS.STAT.ANN. § 9545(b)(3); U.S.Sup.Ct.R. 13. Macklin filed the current PCRA petition on July 29, 2013, more than 24 years after his judgment of sentence became final. Thus, Macklin's petition is patently untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Although Macklin purports to plead and prove the after-discovered facts exception to the PCRA's time restrictions under Section 9545(b)(1)(ii), his argument is nonsensical. Thus, the court properly dismissed the petition as time-barred.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/29/2015

- 3 -