J-S21030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JULIUS DODSON | |
| Appellant | No. 2338 EDA 2015 |

Appeal from the PCRA Order July 1, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0002640-1993

BEFORE:  BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY LAZARUS, J.:          **FILED MARCH 03, 2016**

For the reasons that follow, we affirm the order of the Court of Common Pleas of Montgomery County, dismissing Julius Dodson's petition for writ of habeas corpus ad subjiciendum as an untimely petition filed under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA").

Dodson filed a petition for writ of habeas corpus ad subjiciendum on May 22, 2015, claiming that he was convicted under a subsection of the aggravated assault statute that had been repealed eight years prior to his conviction.[1]  Such a claim constitutes a challenge to the legality of his

---

[*] Former Justice specially assigned to the Superior Court.

[1] In his statement of questions presented, Dodson also raises a claim that the PCRA judge erred in failing to recuse himself because he had represented the Commonwealth as a district attorney at Dodson's

*(Footnote Continued Next Page)*

sentence and is cognizable under the PCRA. ***Commonwealth v. Concordia***, 97 A.3d 366, 372 (Pa. Super. 2014). Because claims that are cognizable under the PCRA are to be pursued within the parameters of that statute, ***id.***, the trial court properly treated Dodson's filing as a PCRA petition.

A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment of sentence becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1); ***see also Commonwealth v. Bretz***, 830 A.2d 1273, 1275 (Pa. Super. 2003). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3); ***see also Commonwealth v. Pollard***, 911 A.2d 1005, 1007 (Pa. Super. 2006). Here, Dodson's judgment of sentence became final no later than February 13, 1997, upon the expiration of the ninety-day period for filing a writ of certiorari with the United States Supreme Court. ***See*** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. Thus, he had one year from that date, or until February 13, 1998, to file a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b). Dodson did not file the instant petition until May 22, 2015, more than 18 years after his judgment of sentence became final. Accordingly, the

*(Footnote Continued)* ———————————

preliminary hearing. However, Dodson does not address this claim in the argument portion of his brief and it is, accordingly, waived.

PCRA court had no jurisdiction to entertain Dodson's petition unless he pleaded and offered to prove one of the three statutory exceptions[2] to the time bar. *See* 42 Pa.C.S.A. § 9545(b). Dodson failed to do so. Accordingly, the PCRA court properly dismissed his petition.

      Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/3/2016

---

[2] The statutory exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1).