J-S58040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JUSTIN ALFRED WARD | |
| Appellant | No. 40 MDA 2016 |

Appeal from the PCRA Order December 16, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003160-2010;
CP-36-CR-0003165-2010

BEFORE:  GANTMAN, P.J., BOWES, J., and PLATT, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:            **FILED OCTOBER 05, 2016**

Appellant, Justin Alfred Ward, appeals from the order entered in the Lancaster County Court of Common Pleas, denying his serial petition for collateral relief under the Post Conviction Relief Act ("PCRA"),[1] which Appellant styled as a "petition for writ of *habeas corpus*."  We affirm.

On July 12, 2011, Appellant pled guilty to two counts of delivery of a controlled substance.  On that same date, the trial court sentenced Appellant to concurrent terms of four (4) to ten (10) years' incarceration.  Appellant did not file a direct appeal.  Appellant filed his first PCRA petition on September 16, 2014, which the PCRA court denied on June 19, 2015.  On

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

_____

*Retired Senior Judge assigned to the Superior Court.

August 13, 2015, Appellant *pro se* filed a "petition for writ of *habeas corpus*," challenging the legality of his sentence. The court treated the filing as a PCRA petition and appointed counsel. On November 5, 2015, counsel filed a **Turner/Finley**[2] no-merit letter and petition to withdraw. On November 19, 2015, the court granted counsel leave to withdraw and issued notice of its intent to dismiss Appellant's PCRA petition per Pa.R.Crim.P. 907. Appellant filed a *pro se* response to the Rule 907 notice on December 7, 2015. On December 16, 2015, the court denied the PCRA petition. Appellant timely filed a *pro se* notice of appeal on December 31, 2015. The court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant filed none.

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Hackett**, 598 Pa. 350, 956 A.2d 978 (2008). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the PCRA's timeliness provisions allow for limited circumstances under which the late filing of a petition will be excused. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). To invoke the "new constitutional right" exception, the petitioner must

---

[2] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

plead and prove "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii).

Instantly, Appellant styled his filing as a *habeas corpus* petition; the court properly treated it as a PCRA petition subject to the PCRA's time restrictions. **See Commonwealth v. Concordia**, 97 A.3d 366 (Pa.Super. 2014), *appeal denied*, ___ Pa. ___, 125 A.3d 775 (2015) (stating challenge to legality of sentence is cognizable under PCRA); **Commonwealth v. Deaner**, 779 A.2d 578 (Pa.Super. 2001) (stating any collateral petition raising issues with respect to remedies offered under PCRA will be considered PCRA petition). Appellant's judgment of sentence became final on August 11, 2011, upon expiration of the time to file a direct appeal with this Court. **See** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Appellant filed the current PCRA petition four years later, on August 13, 2015. Thus, Appellant's petition is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). To the extent Appellant attempts to invoke the "new constitutional right" exception to the PCRA's timeliness requirement, the Pennsylvania Supreme Court has declared that the rule announced in **Alleyne v. United States**, ___ U.S. ___, 133 S. Ct. 2151, 186 L.Ed.2d 314 (2013), does not apply retroactively. **See Commonwealth v. Washington**, ___ A.3d ___, 2016 WL 3909088 (Pa. filed July 9, 2016). Further, Appellant cannot meet the

exception through reliance on subsequent Pennsylvania case law that merely applied the constitutional right recognized in **Alleyne**. Therefore, the PCRA court properly dismissed Appellant's petition as time-barred.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/5/2016