J-A11021-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MARKCAIL WILLIAMS | : | |
| | : | |
| Appellant | : | No. 141 WDA 2021 |

Appeal from the PCRA Order Entered January 15, 2021
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002050-2017

BEFORE: McLAUGHLIN, J., KING, J., and McCAFFERY, J.

JUDGMENT ORDER BY KING, J.:                    **FILED: June 15, 2021**

Appellant, Markcail Williams, appeals *pro se* from the order entered in the Erie County Court of Common Pleas, which denied his serial petition brought pursuant to the Post-Conviction Relief Act ("PCRA").[1]  We affirm.

On January 31, 2018, Appellant entered a guilty plea to aggravated assault and discharge of a firearm into an occupied structure.  On April 3, 2018, the court sentenced Appellant to an aggregate 90 to 240 months' imprisonment, consecutive to any other sentences Appellant was already serving.  Appellant sought no direct review.

Appellant timely filed *pro se* his first PCRA petition on December 6, 2018. The PCRA court subsequently appointed counsel.  On March 11, 2019, PCRA

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

counsel filed a petition to withdraw and a "no-merit" letter. The court permitted counsel to withdraw on March 12, 2019, and issued notice per Pa.R.Crim.P. 907 the same day. The court ultimately dismissed Appellant's petition on April 10, 2019. Appellant subsequently litigated two additional PCRA petitions unsuccessfully.

On December 8, 2020, Appellant submitted the current *pro se* filing, styled as a petition for sentence modification, in which Appellant appears to raise counsel's ineffectiveness for failing to challenge the court's imposition of an illegal sentence. The court treated the filing as a serial PCRA petition and issued Rule 907 notice on December 10, 2020. Appellant filed a *pro se* response on December 17, 2020. On January 15, 2021, the court dismissed Appellant's petition. Appellant timely filed a *pro se* notice of appeal on January 28, 2021. On February 2, 2021, the court ordered Appellant to file a concise statement per Pa.R.A.P. 1925(b); Appellant complied on February 17, 2021.

Preliminarily, any petition for post-conviction collateral relief generally is considered a PCRA petition, regardless of how an appellant captions the petition, if the petition raises issues for which the relief sought is the kind available under the PCRA. ***Commonwealth v. Peterkin***, 554 Pa. 547, 722 A.2d 638 (1998); 42 Pa.C.S.A. § 9542 (stating PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose). As well, the timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Zeigler***, 148 A.3d

849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting a timeliness exception must also file the petition within the relevant statutory window. 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, Appellant's current petition raises claims challenging counsel's ineffectiveness and the legality of his sentence. These claims are cognizable under the PCRA. *See Commonwealth v. Turner*, 622 Pa. 318, 80 A.3d 754 (2013), *cert. denied*, 572 U.S. 1039, 134 S.Ct. 1771, 188 L.Ed.2d 602 (2014) (explaining claims of ineffective assistance of counsel are cognizable under PCRA); *Commonwealth v. Concordia*, 97 A.3d 366 (Pa.Super. 2014) (stating challenge to legality of sentence is cognizable under PCRA). Thus, the court properly treated Appellant's current filing as a serial PCRA petition. *See Peterkin, supra*.

Appellant's judgment of sentence became final on May 3, 2018, upon expiration of the 30-day period to file a direct appeal in this Court. *See* Pa.R.A.P. 903(a). Appellant filed the current PCRA petition on December 8,

2020, which is patently untimely.   ***See*** 42 Pa.C.S.A. § 9545(b)(1).

Significantly, Appellant failed to plead and prove any exception to the PCRA

timeliness requirements.    Therefore, his petition remains time-barred.

Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/15/2021