J-S68041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANGEL SANTOS | |
| Appellant | No. 132 EDA 2015 |

Appeal from the PCRA Order November 18, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0004603-2011
CP-39-CR-0005159-2011

BEFORE:  BENDER, P.J.E., DONOHUE, J., and MUNDY, J.

JUDGMENT ORDER BY MUNDY, J.:          **FILED NOVEMBER 06, 2015**

Appellant, Angel Santos, appeals *pro se*[1] from the November 18, 2014 order dismissing his petition for relief filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.[2]  After careful review, we affirm.

---

[1] We note the PCRA court appointed counsel, who subsequently withdrew pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and their progeny.  Appellant does not challenge said withdrawal on appeal.

[2] On March 26, 2015, this Court entered an order directing Appellant to show cause why his appeal from docket number CP-39-CR-4603-2011 should not be quashed under Pennsylvania Rule of Appellate Procedure 301(a)(1), as the November 18, 2014 order was only entered on the docket for CP-39-CR-5159-2011.  Superior Court Order, 3/26/15, at 1.  Appellant filed a response, and this Court entered another order forwarding the issue to the merits panel.  Superior Court Order, 4/15/15, at 1.  Upon review of the record, we note that the two docket numbers were consolidated, insofar as the Commonwealth agreed to *nolle pros* all charges at CP-39-CR-4603-2011,
*(Footnote Continued Next Page)*

On October 24, 2012, Appellant entered a negotiated guilty plea to one count of possession with intent to deliver, and the trial court imposed a sentence of five to ten years' imprisonment.[3]  Appellant filed an untimely post-sentence motion on November 19, 2012, which the trial court denied on January 3, 2013.  Appellant filed a *pro se* notice of appeal on January 14, 2013, which this Court quashed as untimely on February 3, 2014.  Superior Court Order, 2/3/14, 251 EDA 2013, at 1.  Therefore, Appellant's judgment of sentence became final 30 days from the imposition of sentence, which was November 26, 2012.[4]  ***See generally*** 42 Pa.C.S.A. § 9545(b)(3); ***Commonwealth v. Brown***, 943 A.2d 264, 268 (Pa. 2008).  Appellant filed the instant petition on March 17, 2014, which was untimely because it was not filed within one year of his judgment of sentence becoming final, *i.e.*, by November 26, 2013.[5]  ***See generally*** 42 Pa.C.S.A. § 9545(b)(1).  Furthermore, neither Appellant's brief, nor his PCRA petition alleges that any

*(Footnote Continued)* ───────────

as part of the comprehensive plea bargain.  N.T., 10/24/12, at 2.  Therefore, there is no Rule 301 issue in this case, and the rule is discharged.

[3] 35 P.S. § 780-113(a)(30).

[4] We note that the 30th day fell on Friday, November 23, 2012, which was the day after Thanksgiving.  Therefore, Appellant's notice of appeal was due Monday, November 26, 2012.  ***See generally*** 1 Pa.C.S.A. § 1908.

[5] We treat March 17, 2014 as the filing date under the Prisoner Mailbox Rule, because the record contains the envelope in which Appellant mailed his petition.  Said envelope is postmarked March 17, 2014.  ***See generally*** ***Commonwealth v. Chambers***, 35 A.3d 34, 38 (Pa. Super. 2011) (citation omitted), *appeal denied*, 46 A.3d 715 (Pa. 2012).

exception to the PCRA time-bar applies.[6] **See Commonwealth v. Taylor**, 933 A.2d 1035, 1039 (Pa. Super. 2007) (stating, "[t]he PCRA specifically provides that a petitioner raising one of the statutory exceptions to the timeliness requirements must affirmatively plead and prove the exception[]") (citation omitted), *appeal denied*, 951 A.2d 1163 (Pa. 2008).

Based on the foregoing, we conclude the PCRA court properly dismissed Appellant's PCRA petition.[7] Accordingly, the PCRA court's November 18, 2014 order is affirmed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/6/2015

---

[6] We note that although neither party, nor the PCRA court addressed the petition's untimeliness, it is axiomatic that the PCRA time-bar is jurisdictional in nature, cannot be waived by the Commonwealth, and this Court is required to raise the same *sua sponte*. **Commonwealth v. Concordia**, 97 A.3d 366, 371 (Pa. Super. 2014) (citations omitted).

[7] To the extent that our analysis differs from the PCRA court's, we note that we may affirm the PCRA court on any legal basis supported by the record. **Commonwealth v. Doty**, 48 A.3d 451, 456 (Pa. Super. 2012).