J-S02043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ROBERT HRUSOVSKY | |
| Appellant | No. 2495 EDA 2017 |

Appeal from the PCRA Order July 10, 2017
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0000510-1995, CP-39-CR-0001334-1995

BEFORE:  BOWES, J., NICHOLS, J., and RANSOM, J.*

MEMORANDUM BY RANSOM, J.:              **FILED FEBRUARY 27, 2018**

Appellant, Robert Hrusovsky, appeals from the order entered July 10, 2017, denying as untimely his petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In April 1996, Appellant pleaded guilty to one count of involuntary deviate sexual intercourse ("IDSI") at Docket No. CP-39-CR-0000510-1996 and two counts of IDSI and one count of sexual abuse of children at Docket No. CP-39-CR-0001334-1995.[1]  On June 20, 1996, he was sentenced to an aggregate of sixteen to forty-eight years of incarceration.  He did not file a direct appeal.

---

[1] **See** 18 Pa.C.S. §§ 3123(5), 6312(b), respectively.

* Retired Senior Judge Assigned to the Superior Court.

In January 2014, Appellant *pro se* filed a motion seeking transcription of the notes of testimony in his case. The court denied the motion. On May 8, 2014, Appellant *pro se* filed a motion alleging that his sentence was illegal and also challenging the discretionary aspects of his sentence. The court treated this petition as an untimely first PCRA and sent Appellant notice pursuant to Pa.R.Crim.P. 907 that his petition would be dismissed without a hearing. Appellant responded to the Pa.R.Crim.P. 907 notice. The PCRA court dismissed the petition.

Appellant timely appealed to this Court. We determined that because the PCRA petition was Appellant's first, the PCRA court should have appointed counsel to determine whether Appellant could aver an exception to the PCRA time limits and to examine if there were other issues of merit. **See Commonwealth v. Hrusovsky**, 133 A.3d 80, *5-6 (Pa. Super. 2015) (unpublished memorandum).

On remand, the PCRA court appointed counsel, who filed a motion to withdraw and accompanying **Turner/Finley**[2] letter. The court granted the motion and, in November 2015, sent Appellant notice pursuant to Pa.R.Crim.P. 907 that his petition would be dismissed without a hearing. Appellant did not respond. However, due to an oversight, the PCRA court did not formally dismiss the petition. **See** PCRA Court Opinion (PCO), 8/22/2017, at 3. In June 2017, Appellant *pro se* filed a "nunc pro tunc writ [of] habeas corpus pro

---

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

se in forma pauperis." Due to its oversight, the court treated this as a timely response to the Pa.R.Crim.P. 907 notice. The court then formally dismissed Appellant's PCRA petition.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The court issued a responsive opinion.

On appeal, Appellant raises the following issues for our review;

1. Did the trial court commit an error of law by failing to consolidate criminal offenses from the [*sic*] Lehigh County with the offenses from Northampton County.

2. Did the trial court err by committing double jeopardy in violation of an unconstitutional sentencing scheme.

Appellant's Brief at 4 (unnecessary capitalization and answers omitted).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *See Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007).

We begin by addressing the timeliness of Appellant's petition, as the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of his claims. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. *Id*. There are three exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); *see Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000).

Appellant's petition is untimely.[3] The PCRA subsumes all challenges to the legality of the sentence, and such challenges must still satisfy the PCRA's time limits or one of the exceptions thereto. *See Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999). Appellant does not plead or prove one of the time bar exceptions. Accordingly, the PCRA court did not err in dismissing his

_____

[3] Appellant's petition is patently untimely. Thirty days after Appellant's sentence was July 20, 1996. However, because that day was a Saturday, we will consider July 22, 1996, as the date his judgment of sentence became final. *See* Pa.R.A.P. 903; *see also Commonwealth v. Concordia*, 97 A.3d 366, 366-67 (Pa. Super. 2014); *see also* 42 Pa.C.S. § 9545(b)(3) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); *see also* 1 Pa.C.S § 1908 (omitting last day of a time period which falls on Saturday). Thus, Appellant's petition, filed in May 2014, was over sixteen years and nine months untimely.

petition challenging the legality and discretionary aspects of his sentence.

*See Ragan*, 923 A.2d at 1170; *Fahy*, 737 A.2d at 223.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/18