J-S09021-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DARYL JOSEPH JOHNSON | : | |
| | : | |
| Appellant | : | No. 878 WDA 2018 |

Appeal from the PCRA Order May 15, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0003779-1993

BEFORE:   PANELLA, P.J., LAZARUS, J., and STRASSBURGER*, J.

JUDGMENT ORDER BY LAZARUS, J.:                    FILED MARCH 01, 2019

Daryl Joseph Johnson, pro se, appeals from the order, entered in the Court of Common Pleas of Allegheny County, dismissing his petition for writ of habeas corpus ad subjiciendum, treated as an untimely petition under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA").  We affirm.

Johnson filed the instant petition in the Civil Trial Division of the Court of Common Pleas of Allegheny County on June 2, 2017, claiming that his sentence of life imprisonment for a conviction of second-degree murder was illegal.  A challenge to the legality of a sentence is cognizable under the PCRA. Commonwealth v. Concordia, 97 A.3d 366, 372 (Pa. Super. 2014). Because claims that are cognizable under the PCRA are to be pursued within the parameters of that statute, id., Johnson's filing was properly transferred to the Criminal Trial Division and treated as a PCRA petition.

_____
*   Retired Senior Judge assigned to the Superior Court.

A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment of sentence becomes final. See 42 Pa.C.S.A. § 9545(b)(1); see also Commonwealth v. Bretz, 830 A.2d 1273, 1275 (Pa. Super. 2003). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3); see also Commonwealth v. Pollard, 911 A.2d 1005, 1007 (Pa. Super. 2006). Here, Johnson's judgment of sentence became final no later than January 26, 1998, upon the expiration of the ninety-day period for filing a writ of certiorari with the United States Supreme Court.[1] See 42 Pa.C.S.A. § 9545(b)(3); Sup. Ct. R. 13. Thus, he had one year from that date, or until January 26, 1999, to file a timely PCRA petition. See 42 Pa.C.S.A. § 9545(b). Johnson did not file the instant petition until June 2, 2017, more than 18 years after his judgment of sentence became final. Accordingly, the PCRA court had no jurisdiction to entertain Johnson's petition unless he pleaded and proved one of the three

_____

[1] Johnson's judgment of sentence was imposed on December 9, 1994, and this Court affirmed his judgment of sentence on February 21, 1997. See Commonwealth v. Johnson, 694 A.2d 1119 (Pa. Super. 1997) (Table). On October 27, 1997, our Supreme Court denied Johnson's petition for allowance of appeal. See Commonwealth v. Johnson, 704 A.2d 635 (Pa. 1997) (Table).

statutory exceptions to the time bar.[2]  See 42 Pa.C.S.A. § 9545(b).  Johnson

failed to do so.  Accordingly, the PCRA court properly dismissed his petition.[3]

Order affirmed.

_____

[2] The statutory exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence;  or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1).

[3] On appeal, Johnson raises a claim that the PCRA court engaged in "judicial misconduct" because he did not receive a copy of the PCRA court's notice of intent to dismiss pursuant to Pa.R.Crim.P. 907 until the date the court entered its final order denying relief.  Although the notice requirement set forth in Rule 907 has been held to be mandatory, see Commonwealth v. Feighery, 661 A.2d 437 (Pa. Super. 1995), where a PCRA petition is untimely, a PCRA court's failure to properly issue a Rule 907 notice does not automatically warrant reversal.  Commonwealth v. Taylor, 65 A.3d 462, 468 (Pa. Super. 2013), citing Commonwealth v. Pursell, 749 A.2d 911, 917 n.7 (Pa. 2000) (while PCRA court erred in failing to send notice of intent to dismiss, appellant not entitled to relief where independent review demonstrated appellant failed to invoke jurisdiction of PCRA court by failing to plead and prove timeliness exceptions).  Here, Johnson has failed to plead and prove any of the timeliness exceptions to the jurisdictional time bar and, thus, he is not entitled to a remand for the issuance of a new Rule 907 notice.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/1/2019