J-S11001-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LOUIS VAN REESE | : | |
| | : | |
| Appellant | : | No. 1024 WDA 2018 |

Appeal from the PCRA Order Entered June 27, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP–02–CR–0005061–2002,
CP-02-CR-0005062-2002

BEFORE:  NICHOLS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.:                    FILED NOVEMBER 10, 2020

Appellant Louis Van Reese appeals from the order dismissing his serial Post Conviction Relief Act[1] (PCRA) petition as untimely after a hearing. Appellant claims that (1) the instant PCRA was timely filed under the governmental interference timeliness exception, (2) Appellant was entitled to a new trial based on after-discovered evidence, and (3) the PCRA court erred in denying Appellant's motion for post-conviction discovery.  We affirm.

A previous panel of this Court summarized the facts as follows:

Ms. Talavia Ledbetter testified that on December 10, 2001, she, Kevin Crosby[,] and Lindsay Loker drove to the Club Classic.  Once inside, a man approached Ms. Loker and started pulling on Ms. Loker.  [Ms. Ledbetter] then identified Appellant as the man in the club who had approached her friend.  She then testified that as she and her party were leaving, Appellant again pulled on Ms. Loker.  Mr. Crosby intervened and words were exchanged.  Ms.

_____

[1] 42 Pa.C.S. §§ 9541-9546.

Ledbetter grabbed Appellant and threw him to the ground. However, before Ms. Ledbetter and her party could leave, she claimed that she re-entered the bar to retrieve Mr. Crosby's hat. When she returned, they left the parking lot and were on Verona Road when she heard shots and saw a white car, driven by Appellant, following them. Appellant fired into the Ledbetter car and the driver, [Mr.] Crosby[,] was shot. The car then wrecked . . . .

\* \* \*

Mr. Kevin Crosby testified similarly that they were drinking at Club Classic when Ms. Loker was accosted by Appellant. He then testified to the incident in Club Classic's parking lot and how after getting on Allegheny River Boulevard, [Ms. Loker] "looks out the back window and I think she said somebody is following us." Crosby testified that "I looked up into the rear view mirror and a car comes zooming in back behind me before he cut out the lights. I could see into the car it was [Appellant], and I heard four (4) shots." One bullet lodged in Mr. Crosby's head, and he also broke his left leg and two ribs.

Commonwealth v. Reese, 1747 WDA 2005, at 1-3 (Pa. Super. filed May 8, 2007) (unpublished mem.) (citation omitted and some formatting altered). We add that Crosby testified that he was incarcerated at the time of trial. N.T. Trial, 12/14/04, at 90. Crosby stated that he violated his probation by not reporting to his probation officer while he was hospitalized. Id.

On December 16, 2004, the jury convicted Appellant of three counts of criminal attempt to commit homicide and three counts of aggravated assault at docket number CP-02-CR-0005062-2002 (5062-2002), along with one count of driving under the influence and one count of fleeing or eluding police at docket number CP-02-CR-0005061-2002 (5061-2002).

On April 6, 2005, the trial court sentenced Appellant to an aggregate term of twenty-five to sixty years of imprisonment. Reese, 1747 WDA 2005,

at 5. Appellant filed a timely appeal to this Court, and we affirmed his judgment of sentence on May 8, 2007. Id. at 9. Appellant did not file a petition for allowance of appeal to our Supreme Court.

We adopt the PCRA court's summary of the subsequent procedural history. See PCRA Ct. Op., 6/25/19, at 1-2 (unpaginated). Briefly, we note that

> [a] pro se Motion to Correct Illegal Sentence Nunc Pro Tunc was filed [at 5062-2002] on September 12, 2016. The PCRA court filed an order giving notice of the court's intention to dismiss the petition. [Appellant] filed a pro se [] response to the PCRA court's notice. . . . Chris Rand Eyster, Esquire, [(Attorney Eyster)] entered his appearance on behalf of [Appellant]. [On February 23, 2018,] Attorney Eyster filed [a] supplemental PCRA motion for a new trial based on after-discovered evidence [bearing both docket numbers 5061-2002 and 5062-2002]. . . .

Id. at 2 (unpaginated) (some formatting altered).

In his supplemental PCRA motion, Appellant claimed that he had obtained new evidence that Kevin Crosby, also known as Kevin Tinsley, had prior convictions for robbery and possessing a prohibited offensive weapon, which the Commonwealth did not disclose to trial counsel. Suppl. PCRA Mot., 2/23/18, at 1, 3. Appellant also asserted that the Commonwealth failed to disclose the circumstances of Crosby's incarceration prior to Appellant's trial in violation of Brady v. Maryland, 373 U.S. 83 (1963). Id. at 2-3. Appellant argued that his supplemental PCRA motion was timely because the information about Crosby's prior convictions and the dates of Crosby's

- 3 -

incarceration and release from jail satisfied the newly discovered facts exception to the PCRA's one year time bar. Id. at 3-4.

The PCRA court held an evidentiary hearing on March 14, 2018. At the hearing, private investigator Robert Meinert testified that he looked into Crosby's criminal record in 2013 or 2014. PCRA Ct. Op. at 3 (unpaginated) (citing N.T. PCRA Hr'g, 3/14/18, at 43-44). After the PCRA hearing, Appellant submitted a brief, wherein he argued that the alleged Brady violation also satisfied the PCRA's governmental interference timeliness exception. Br. in Supp. of PCRA Relief, 5/23/18, at 4-5.

On June 27, 2018, the PCRA court entered an order dismissing the PCRA petition and advising Appellant that he had "thirty (30) days from the date of this order to file an appeal to the Superior Court of Pennsylvania." Order, 6/27/18, at 1 (emphasis added). The PCRA court's order was docketed at both 5061-2002 and 5062-2002.[2] Id.

The 5062-2002 docket and record reflect that, on July 17, 2018, Appellant timely filed a single notice of appeal listing both docket numbers. The 5061-2002 docket also reflects entry of Appellant's notice of appeal. Appellant subsequently filed a timely court-ordered Pa.R.A.P. 1925(b) statement and the PCRA court issued a Rule 1925(a) opinion addressing Appellant's claims.

_____

[2] As we explain below, the trial court only transmitted the record for 5062-2002.

- 4 -

On August 7, 2018, this Court issued a rule to show cause why the appeal should not be quashed pursuant to Commonwealth v. Walker, 185 A.3d 969 (Pa. 2018). Appellant filed an "amended notice of appeal" on August 14, 2018 listing only docket number 5062-2002, which he filed at docket 5062-2002. Appellant then filed a response to the rule to show cause indicating that he had filed an amended notice of appeal containing only one docket number, and that he was not taking an appeal at docket number 5061-2002. Resp. to Rule to Show Cause, 8/16/18, at 1. On August 20, 2018, this Court discharged the rule to show cause order and deferred the Walker issue to the present panel.

Whether the Appeal Should be Quashed Under Walker

Before addressing Appellant's arguments, we consider whether this appeal is properly before this Court. In Walker, our Supreme Court held on June 1, 2018, that "prospectively, where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." Walker, 185 A.3d at 971. The Court explained that "[t]he Official Note to [Pa.R.A.P.] 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal." Id. at 976-77. Further, the Court announced that "the proper practice under [Pa.R.A.P.] 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket." Id. at 977. "The failure to do so," the Court continued, "will result in quashal of the appeal." Id. (footnote omitted). The PCRA court dismissed Appellant's PCRA petition on June 27, 2018.

- 5 -

However, in Commonwealth v. Stansbury, 219 A.3d 157 (Pa. Super. 2019), this Court recognized that the failure to file separate notices of appeal may be excused where there was a breakdown in the operation of the court. Stansbury, 219 A.3d at 160. Specifically, this Court noted that "[w]e have many times declined to quash an appeal when the defect resulted from an appellant's acting in accordance with misinformation relayed to him by the trial court." Id. In Stansbury, the PCRA court advised the appellant that he had thirty days "'to file a written notice of appeal to the Superior Court. Said notice of appeal must be filed with the Clerk of Courts . . . .'" Id. at 159 (quoting trial court order, emphases in original). The Stansbury Court concluded that the PCRA court's failure to advise the appellant of the need to file separate notices of appeal constituted "a breakdown in court operations such that we may overlook" any Walker defect. Id. at 160. Therefore, the Court declined to quash Stansbury's appeal pursuant to Walker and addressed the substance of his appeal. Id. More recently, this Court has affirmed this practice in Commonwealth v. Larkin, 235 A.3d 350, 353-54 (Pa. Super. 2020) (en banc).

Here, Appellant timely filed a single notice of appeal listing both docket numbers at docket number 5062-2002 on July 17, 2018. The docket at 5061-2002 also reflects entry of Appellant's notice of appeal. The trial court,

- 6 -

however, did not transmit the 5061-2002 record to this Court.[3] Similar to Stansbury, the PCRA court notified Appellant that he had the right to appeal the court's order denying PCRA relief. See Order, 6/27/18. The PCRA court's order did not advise Appellant that he must file separate notices of appeal pursuant to Walker. To the contrary, the PCRA court's order states, in relevant part, "Petitioner is hereby advised that he has thirty (30) days from the date of this order to file an appeal to the Superior Court of Pennsylvania." Order, 6/27/18 (emphasis added).

While Appellant's July 17, 2018 notice of appeal lists both the 5061-2002 and 5062-2002 docket numbers, Appellant asserted that he intended to appeal only the order at 5062-2002. Resp. to Rule to Show Cause at 1. However, Appellant never filed an application to discontinue his appeal with respect to docket number 5061-2002 pursuant to Pa.R.A.P. 1973. Considering Appellant's actions in conjunction with the PCRA court's instruction to Appellant to file a single notice of appeal, Order, 6/27/18, we hold that "a breakdown in court operations [occurred] such that we may overlook" any record deficiencies rather than quash pursuant to Walker.[4] Cf. Larkin, 235

_____

[3] Because Appellant's issues relate only to the convictions at docket 5062-2002, the absence of the 5061-2002 record does not inhibit our review.

[4] As noted above, Appellant filed an amended notice of appeal containing only docket number 5062-2002 on August 14, 2018. The period in which to file a notice of appeal from the PCRA court's order dismissing the PCRA petition expired on July 27, 2018. See Pa.R.A.P. 903(a). Appellant has not cited any authority permitting the filing of an amended notice of appeal after the thirty-day appeal period has expired in response to a rule to show cause.

- 7 -

A.3d at 353-54; Stansbury, 219 A.3d at 160. Accordingly, we decline to quash Appellant's appeal and will consider the merits of the appeal as to both dockets listed on Appellant's July 17, 2018 notice of appeal.

Appellant raises the following issues on appeal, which we have reordered as follows:

[1.] Whether the instant claims are timely and cognizable under the PCRA?

[2.] Whether [] Appellant is entitled to a new trial under the [PCRA] due to after-discovered evidence: Kevin Crosby's prior convictions and his release from jail after [A]ppellant's trial?

[3.] Whether the [PCRA] court erred in denying Appellant's motion for a copy of the preliminary hearing transcript, the probation files, and the Commonwealth's file?

Appellant's Brief at 1.

Timeliness of the PCRA Petition

By way of background, Appellant filed his motion to correct illegal sentence nunc pro tunc on September 12, 2016 and his supplemental PCRA petition on February 23, 2018.[5] In support of his claim that his PCRA petition is timely filed pursuant to the governmental interference exception to the PCRA's one-year time bar, Appellant argues that the Commonwealth withheld evidence in violation of Brady. Appellant's Brief at 13-14 (citing 42 Pa.C.S. §

_____

[5] Because Appellant did not file a petition for allowance of appeal with our Supreme Court, Appellant's conviction became final on June 7, 2007, thirty days after this Court affirmed the judgment of sentence. See 42 Pa.C.S. § 9545(b)(3). The time to file a PCRA petition expired on June 7, 2008. See 42 Pa.C.S. § 9545(b)(1).

9545(b)(1)(i)). Specifically, Appellant claims that the Commonwealth never provided him with information about Kevin Crosby's convictions for robbery and possessing a prohibited offensive weapon nor did the Commonwealth disclose before trial why Crosby was incarcerated at the time of trial and the circumstances of Crosby's probation. Id. at 13-14. Appellant argues that his supplemental PCRA petition was timely filed because it was filed within sixty days of PCRA counsel receiving this evidence from his investigator, i.e., February 9, 2018. Id. (citing 42 Pa.C.S. § 9545(b)(2)); see also Suppl. PCRA Mot., 2/23/18, at 1. Lastly, Appellant contends that "[a]t the PCRA hearing, the Commonwealth basically conceded that Appellant was entitled to a hearing on his Brady claims." Id. at 14; see also Appellant's Reply Brief at 1 (arguing that the Commonwealth waived its arguments that the instant PCRA petition is untimely because it agreed to a PCRA hearing).

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error. Our review of questions of law is de novo." Commonwealth v. Edmiston, 65 A.3d 339, 345 (Pa. 2013) (citations omitted), overruled on other grounds by Commonwealth v. Small, ___ A.3d ___, 8 EAP 2019, 2020 WL 5833781 (Pa. filed Oct. 1, 2020).

We begin by addressing the timeliness of the PCRA petition because

> [t]he time requirements established by the PCRA are jurisdictional in nature; consequently, Pennsylvania courts may not entertain untimely PCRA petitions. We have repeatedly stated it is the appellant's burden to allege and prove that one of the timeliness

exceptions applies.  Whether Appellant has carried his burden is a threshold inquiry prior to considering the merits of any claim.

Id. at 346 (citations omitted).  Additionally, "because the timeliness of a PCRA petition is jurisdictional, the issue cannot be waived by the Commonwealth despite its failure to address this issue before the lower court." Commonwealth v. Concordia, 97 A.3d 366, 371 (Pa. Super. 2014) (citations omitted).

The PCRA provides that

[a] PCRA petition, including a second or subsequent petition, must be filed within one year of a final judgment, unless the petitioner alleges and proves that he is entitled to one of three exceptions to this general rule, and that the petition was filed within 60 days of the date the claim could have been presented:

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

\*   \*   \*

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b).[6]

The Edmiston Court examined a PCRA petition invoking both the governmental interference and previously unknown facts exceptions, and explained "[t]he proper questions with respect to these timeliness exceptions are whether the government interfered with [the petitioner's] ability to present his claim and whether [the petitioner] was duly diligent in seeking the facts on which his claims are based." Id. (citations omitted). This means that a petitioner must "plead and prove that the information on which his claims are based could not have been obtained earlier despite the exercise of due diligence." Id. at 346 (citations omitted); see also Commonwealth v. Smith, 194 A.3d 126, 133 (Pa. Super. 2018) (holding that a Brady violation may satisfy governmental interference exception, but the petitioner must plead and prove that the withheld information could not have been obtained earlier with the exercise of due diligence).

Due diligence "requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for

_____

[6] Section 9545(b)(2) was amended on October 24, 2018, effective December 24, 2018, extending the time for filing from sixty days of the date the claim could have been first presented to one year of that date. The amendment applies to claims arising on December 24, 2017, or thereafter. See Act of Oct. 24, 2018, P.L. 894, No. 146, § 3. Because Appellant filed the instant PCRA petition, captioned as "motion to correct illegal sentence" on September 12, 2016, the amended Section (b)(2) does not apply to him. Regardless of whether the sixty day or one year period for filing a subsequent PCRA petition applies, it does not affect our conclusion that Appellant's PCRA petition is untimely for the reasons stated below.

collateral relief." Smith, 194 A.3d at 134 (citation omitted). A petitioner is not duly diligent when he was aware of the existence of evidence several years before he sought to obtain it. See, e.g., Edmiston, 65 A.3d at 348-49 (holding that a PCRA petitioner cannot establish due diligence based on alleged newly discovered autopsy photographs where record reveals that he knew the photographs existed at the time of trial but he did not raise the claim until fifteen years later).

Following our review of the record, the parties' briefs, and the opinion of the PCRA court, we affirm on the basis of the PCRA court's analysis. See PCRA Ct. Op. at 3 (unpaginated); Edmiston, 65 A.3d at 345-46. The PCRA court held that Appellant filed a facially untimely PCRA petition and failed to plead and prove the applicability of any exception to the PCRA time-bar. See PCRA Ct. Op. at 3 (unpaginated). Therefore, Appellant is not entitled to relief.

### Appellant's Request for Post-Conviction Discovery

Appellant also argues that the PCRA court erred in denying his motion for discovery seeking the preliminary hearing transcript, and files from both the probation department and the Commonwealth. Appellant's Brief at 15. Appellant argued that these materials were relevant to establish that Crosby's trial testimony was false. Id.

Pa.R.Crim.P. 902 governs requests for post-conviction discovery and states, in relevant part, that "no discovery shall be permitted at any stage of the proceedings, except upon leave of court after a showing of exceptional circumstances." Pa.R.Crim.P. 902(E)(1). "The denial of a request for post-

conviction discovery is reviewed for an abuse of discretion. Discovery in PCRA proceedings cannot be used as an excuse for engaging in a 'fishing expedition.'" Edmiston, 65 A.3d at 353 (citations omitted). It is not an abuse of discretion for the PCRA court to find exceptional circumstances do not exist when a petitioner's claims are untimely and the documents he requested are relevant to the merits of his untimely claims. Id.

Upon our review of the record, the parties' briefs, and the opinion of the PCRA court, we affirm on the basis of the PCRA court's analysis. See PCRA Ct. Op. at 4 (unpaginated); Edmiston, 65 A.3d at 353. The PCRA Court held that Appellant had not shown exceptional circumstances in support of his request for post-conviction discovery. See PCRA Ct. Op. at 4 (unpaginated). Therefore, Appellant is not entitled to relief.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/10/2020

# Allegheny County - Department of Court Records
## Criminal Division - Filings Information

**County caseID:CP-02-CR-0005062-2002 (OPINION)**
**Case Description: COMMONWEALTH OF PENNSYLVANIA v. LNAME REESE**
**Official Docket Entry, Sort By Document Number Ascending**

| Document Number | Title/Entry | Filing Date |
|---|---|---|
| 1 | OPINION | 06/25/2019 |

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA

vs.

LOUIS VAN REESE,

Appellant

CRIMINAL DIVISION

CC200205061/200205062
1024 WDA 2018

**OPINION**

ORIGINAL
Criminal Division
Dept. Of Court Records
Allegheny County, PA

BY:

HON. KEVIN G. SASINOSKI
Room 507 – Courthouse
436 Grant Street
Pittsburgh, PA  15219


COPIES TO:

Chris Rand Eyster, Esquire
3242 Babcock Boulevard
Pittsburgh, PA  15219

Michael Streily, Esq.
District Attorney's Office
4th Floor – Courthouse
Pittsburgh, PA  15219

ORIGINAL

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA

vs.

LOUIS VAN REESE,
                    Appellant

CRIMINAL DIVISION

CC200205061/200205062
1024 WDA 2018

OPINION

*Sasinoski, J.*

This is an appeal from the Order of Court entered on June 27, 2018, wherein the PCRA Court denied Petitioner's PCRA.

The petitioner was charged at CC200205061 with two (2) counts of Driving Under the Influence, one (1) count of Fleeing and Attempting to Elude Police Officer, Disorderly Conduct and three (3) summary vehicle code violations. At CC200205062, petitioner was charged with three (3) counts each of Criminal Attempt Murder, Aggravated Assault and Recklessly Endangering Another Person.

The defendant was sentenced to an aggregate term of 25-50 years incarceration on April 6, 2005. Post-sentence motions were denied by operation of law. An appeal to the Superior Court of Pennsylvania was filed at NO. 1747 WDA 2005 which affirmed the judgment of sentence on May 6, 2007. No Petition for Allowance of Appeal to the Pennsylvania Supreme Court was filed.

On May 29, 2008, petitioner filed a Petition for Relief Pursuant to the Post-Conviction Relief Act, 42 Pa.C.S. §9541-9543 et. seq. After amendment, the Petition was denied by the PCRA Court on June 30, 2009. Petitioner filed an appeal to the Superior Court at No. 1318 WDA 2009 on July 29, 2009 and on February 10, 2011, the judgment of sentence was affirmed. An appeal to the Pennsylvania Supreme Court was filed at NO. 130 WAL 2011, which was denied on August 4, 2011.

On April 4, 2012, the trial court entered an Order denying Petitioner's Motion for Imposition of Sentence and an appeal was filed in the Superior Court at No. 760 WDA 2012. On January 14, 2014, the Superior Court affirmed the trial court and an appeal to the Pennsylvania Supreme Court was filed at No. 190 WAL 2014. The Petition for Allowance of Appeal was denied on August 7, 2014.

On August 14, 2013 petitioner filed a pro-se PCRA petition, which was amended by court appointed counsel, Scott Coffey, Esquire. On May 15, 2015, the PCRA Court dismissed the petition. An appeal was filed in Superior Court at No. 772 WDA 2015 and on September 6, 2016 PCRA Court was affirmed by the Superior Court. A Petition for Allowance of Appeal at No. 344 WAL 2016 was denied by the Supreme Court on January 10, 2017.

A pro se Motion to Correct Illegal Sentence Nunc Pro Tunc was filed on September 12, 2016. The PCRA court filed an Order giving notice of the court's intention to dismiss the petition. Petitioner filed a pro se Defendant's Response to the PCRA court's notice. An evidentiary hearing was originally scheduled for January 23, 2018, and the petitioner filed a pro se Amended Petition for Post-Conviction Relief. Attorney Chris Rand Eyster, Esquire, entered his appearance on behalf of petitioner. Attorney Eyster filed Petitioner's Supplemental PCRA Motion for a New Trial based on after-discovered evidence, and represented petitioner at an evidentiary hearing on March 14, 2018.

The petitioner raised the following claims:

I. The petitioner is entitled to a new Trial under the PCRA due to after-discovered evidence, Kevin Crosby's prior convictions and his release from jail after Petitioner's trial.

II. The Court erred in denying petitioner's Motion for a copy of the preliminary hearing transcript.

A petition under the PCRA must be filed within one (1) year of the date that a judgment of sentence becomes final. 42 Pa.C.S. §9545(b)(1). In this case, the judgment of sentence became final on June 7, 2007. Petitioner is time-barred, unless an exception exists, 42 Pa.C.S. §9545(b)(1)(i-iii). Petitioner argues that an exception of "after discovered evidence" should apply, as Mr. Crosby's criminal record was disclosed on February 9, 2018. This exception provides relief where "the facts upon which the claim is predicated is unknown to the petitioner and could not have been ascertained by the exercise of due diligence". 42 Pa.C.S.A. §9545(b)(i)(ii). In this case, petitioner claims the evidence was discovered within sixty (60) days of the filing of the Supplemental PCRA Motion based upon after discovered evidence. The record belies this allegation. At trial, it appears defense counsel Mr. Begler was aware of Mr. Crosby's criminal record. (N.T. pp. 90-92)[1]

Additionally, Robert Meinert a defense investigator, and retired Allegheny County Police detective, testified at the evidentiary hearing that he looked into Mr. Crosby's criminal record in 2013 or 2014. (N.T. 2, pp. 43-44)[2] At the same hearing, Mr. Begler admitted that he had Mr. Crosby's record much sooner than 2018. (N.T. 2, pp. 28-29) This information was known long before the alleged discovery date of February 9, 2018.

Further, the claim or inference that Mr. Crosby was held in jail by the Commonwealth until he testified favorably for the Commonwealth against the defendant in this case is preposterous. Mr. Crosby was apparently detained by reason of a probation violation, wholly unrelated to this case. Accordingly, defendant's claim, based upon after- discovered evidence, is time barred.

---

[1] N.T. refers to notes of Trial Transcript dated December 14-16, 2004.
[2] N.T. 2 refers to Notes of Evidentiary Hearing Transcript dated March 14, 2018.

Finally, Mr. Eyster's request for a transcript of the preliminary hearing in this case was properly denied. The PCRA does not permit discovery at any stage of the proceedings except upon leave of court with a showing of exceptional circumstances. 42 Pa. C.S. §9545(d)(2). Speculation alone, without more, that information may or may not exist does not satisfy "exceptional circumstances" as discussed in *Commonwealth v. Dickerson*, 900 A.2d 407 (Pa. Super. 2006). Mr. Eyster's request fell well short of meeting this threshold.

For these reasons, the PCRA Court respectfully submits the order denying relief should be affirmed.