J-S13024-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANDREW J. ALLAM, SR. | : | |
| | : | |
| Appellant | : | No. 1338 EDA 2020 |

Appeal from the Order Entered July 2, 2020
In the Court of Common Pleas of Pike County
Criminal Division at No(s): CP-52-CR-0000469-2009

BEFORE: OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.: **FILED JUNE 22, 2021**

Appellant, Andrew J. Allam, Sr., appeals *pro se* from the order entered in the Pike County Court of Common Pleas, which denied his serial petition brought pursuant to the Post-Conviction Relief Act ("PCRA").[1] We affirm.

The relevant facts and procedural history of this case are as follows:

> On February 11, 2011, following Appellant's conviction of three (3) counts of Rape of a Child, twenty (20) counts of Involuntary Deviate Sexual Intercourse, seventeen (17) counts of Statutory Sexual Assault, fifteen (15) counts of Indecent Assault, and [one (1) count] of Corruption of a Minor, this [c]ourt sentenced him to forty (40) to eighty (80) years of incarceration in a State Correctional Facility. On March 22, 2011, Appellant appealed his sentence to the Pennsylvania Superior Court, which affirmed this [c]ourt's Order [on December 2, 2011]. On August 7, 2012, the

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

Supreme Court of Pennsylvania ("SCOPA") denied Appellant's Petition for Allowance of Appeal.

[Appellant timely filed *pro se* his first PCRA petition on August 27, 2012, which the PCRA court denied on January 7, 2013. This Court affirmed, and our Supreme Court denied allowance of appeal. Appellant subsequently litigated several additional PCRA petitions and various *pro se* filings, all of which were ultimately unsuccessful.]

On July 1, 2020, following seriatim filings, Orders, and appeals, …Appellant filed [the instant] Petition to Correct Second Sentence that is Violating Double Jeopardy Clause ("Petition"), alleging that since he is now serving his second of three consecutive sentences for Rape of a Child, his Fifth Amendment right against double jeopardy is being violated and requesting a corrected sentence. On July 2, 2020, we issued an Order denying [Appellant's] request, as serving the second of three (3) convictions for the same crime was not a violation of double jeopardy, but the result of…Appellant's conviction for committing the same crime on three (3) separate occasions. On July 13, 2020, again unhappy with one of our determinations, …Appellant filed a Notice of Appeal to the Superior Court, challenging the July 2, 2020 Order. On July 27, 2020, …Appellant filed a timely Concise Statement of Matters Complained of on Appeal ("Concise Statement")….

(PCRA Court Opinion, filed August 21, 2020, at 1-2).

Appellant raises two issues on appeal:

Appellant's [s]econd [c]onsecutive [s]entence [c]onstitutes double jeopardy he is now being punished twice for the same Act/offense in violation of the [F]ifth [A]mendment right to be free from double jeopardy[.]

The trial judge (Chelak) had made fraudulent statements that Appellant was sentenced to (3) [c]onsecutive [s]entence[s] for [c]omitting rape on (3) three separate occasions between May 2007 and August 2009, [a]nd the Appellant received (1) one punishment for each of the (3) three [s]eparate [a]cts, the record is devoid of any evidence to support those fraudulent statements by (Chelak) his

statement [c]onstitutes "fabricated facts."

(Appellant's Brief at 8).

Preliminarily, any petition for post-conviction collateral relief generally is considered a PCRA petition, regardless of how an appellant captions the petition, if the petition raises issues for which the relief sought is the kind available under the PCRA. **Commonwealth v. Peterkin**, 554 Pa. 547, 722 A.2d 638 (1998); 42 Pa.C.S.A. § 9542 (stating PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose). As well, the timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Hackett**, 598 Pa. 350, 359, 956 A.2d 978, 983 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). Even where the PCRA court does not address the applicability of the PCRA timing mandate, "this Court will consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction." **Commonwealth v. Reid**, ___ Pa. ___, ___, 235 A.3d 1124, 1140 n.8 (2020). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA

allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, a PCRA petitioner must present his claimed exception within the requisite statutory window. 42 Pa.C.S.A. § 9545(b)(2).

The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. *Commonwealth v. Bennett*, 593 Pa. 382, 395, 930 A.2d 1264, 1271 (2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. *Commonwealth v. Carr*, 768 A.2d 1164, 1168 (Pa.Super. 2001). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence.

*Commonwealth v. Breakiron*, 566 Pa. 323, 330-31, 781 A.2d 94, 98 (2001); *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa.Super 2010), *appeal denied*, 610 Pa. 607, 20 A.3d 1210 (2011). This rule is strictly enforced. *Id.* Additionally, the focus of this exception "is on the newly discovered **facts**, not on a newly discovered or newly willing source for previously known facts." *Commonwealth v. Marshall*, 596 Pa. 587, 596, 947 A.2d 714, 720 (2008) (emphasis in original). In other words, the "new facts" exception at:

> [S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the **facts** upon which the claim was predicated were **unknown** and 2) could not have been ascertained by the exercise of **due diligence**. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

*Bennett, supra* at 395, 930 A.2d at 1272 (internal citations omitted) (emphasis in original).

Instantly, Appellant's current filing raises claims challenging the legality of his sentence. These claims are cognizable under the PCRA. *Commonwealth v. Concordia*, 97 A.3d 366 (Pa.Super. 2014), *appeal denied*, 633 Pa. 753, 125 A.3d 775 (2015) (stating challenge to legality of sentence is cognizable under PCRA). Thus, the court should have treated Appellant's current filing as a serial PCRA petition and analyzed it under 42 Pa.C.S.A. §§ 9541-9546. *See Peterkin, supra*.

Here, the court sentenced Appellant on February 11, 2011. This Court

affirmed the judgment of sentence on December 2, 2011, and our Supreme Court denied allowance of appeal on August 7, 2012. Consequently, Appellant's judgment of sentence became final on November 5, 2012, upon expiration of the 90-day period to file a petition for writ of *certiorari* with the United States Supreme Court. *See* U.S.Sup.Ct.R. 13. Appellant filed the current petition on July 1, 2020, which is facially untimely.

Appellant now attempts to invoke the "newly-discovered facts" exception to the PCRA time-bar. Specifically, Appellant argues he is "being punished twice for the same offense in violation of the Fifth Amendment…," where he is serving the second of three consecutive sentences for Rape of a Child, and the charges for each offense/conviction were "not differentiated in anyway." (Appellant's Petition, filed 7/1/20, at 1). Appellant maintains his claim falls under the "newly-discovered facts" exception because "[P]etitioner's claim could not have been ascertained by due diligence, the date of November 24, 2019 had to occur first and before he could raise the claim of double jeopardy because his first minimum sentence ran from 11-24-09 through 11-24-19 thereby completing his first 10 year minimum sentence on 11-24-19 not before." (*Id.* at 2).

Appellant, however, has failed to raise a "newly-discovered fact," where he has been aware of the sentence he received since February 11, 2011. Since that day, Appellant has known that his sentence included three consecutive 10-to-20-year terms of imprisonment for three counts of Rape of a Child.

Appellant cannot now claim that the multiple terms of imprisonment for multiple counts of the same crime were "unknown facts" simply because he completed serving ten years of his first term. Accordingly, as Appellant failed to establish the requirements of Section 9545(b)(1)(ii), his petition remains time-barred and we affirm the order dismissing it, albeit on other grounds. *See Commonwealth v. Reese*, 31 A.3d 708, 727 (Pa.Super. 2011) (*en banc*) (stating appellate court may affirm on any basis as long as ultimate decision is correct).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/2021