J-S18011-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAVOY S. ROBINSON | : | |
| | : | |
| Appellant | : | No. 50 EDA 2021 |

Appeal from the PCRA Order Entered November 23, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0807931-2004

BEFORE:   PANELLA, P.J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.:                    **FILED JULY 30, 2021**

Savoy S. Robinson appeals *pro se* from the order denying his seventh petition for post-conviction relief.  We affirm.

On February 3, 2005, a jury convicted Robinson of first-degree murder and possessing an instrument of crime ("PIC").  The convictions stemmed from the shooting death of Geary Turner at a Philadelphia halfway house.  On April 13, 2005, the trial court sentenced Robinson to serve a term of life imprisonment for the murder conviction.  Thereafter, this Court affirmed Robinson's judgment of sentence, and on May 15, 2007, our Supreme Court denied his petition for allowance of appeal.  ***See Commonwealth v. Robinson***, 1676 EDA 2005 (Pa. Super. filed November 14, 2006)

_____

[*] Retired Senior Judge assigned to the Superior Court.

(unpublished memorandum), *appeal denied*, 923 A.2d 1173 (Pa. 2007). Over the next eleven years, Robinson filed six petitions for post-conviction relief, and none resulted in the granting of relief.

On February 12, 2020, Robinson filed the instant petition in the civil division of the Court of Common Pleas of Philadelphia County, which he titled a petition for writ of *habeas corpus*. In his petition, Robinson asserted that he was illegally sentenced to slavery and indentured servitude under the 13th Amendment of the United States Constitution, which is in contravention to international law. The matter was transferred from the civil division to the criminal division. Also, the case was assigned to the Honorable Sheila Woods-Skipper, who served as the trial judge in this case. On November 23, 2020, the court determined Robinson's filing to be a petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, and dismissed the petition as being untimely filed. This appeal followed.

Robinson raises two issues for our consideration. First, Robinson argues that Judge Woods-Skipper lacked subject matter jurisdiction over his petition. *See* Appellant's Brief at 6. Basically, he claims that because Judge Woods-Skipper was assigned to the orphans' court division of the Court of Common Pleas, she lacked authority to review Robinson's petition that was transferred to the criminal division. We disagree.

A challenge to a court's subject matter jurisdiction is a question of law and, therefore, our standard of review is *de novo*. **See Commonwealth v. Jones**, 929 A.2d 205, 211 (Pa. 2007). There are two requirements for subject matter jurisdiction in relation to criminal defendants: 1) the competency of the court to hear the case; and 2) the provision of specific and formal notice to the defendant of the crimes charged. **See id**. at 211-212 (citation omitted). Here, Robinson's issue attacks the competency of the court to hear his case.

As our Supreme Court has stated, "Controversies arising out of violations of the Crimes Code are entrusted to the original jurisdiction of the courts of common pleas for resolution." **Commonwealth v. Bethea**, 828 A.2d 1066, 1074 (Pa. 2003) (citation omitted). Although Robinson suggests otherwise, the orphans' court and the criminal division are not separate courts but are both divisions of the Court of Common Pleas. Pursuant to statute, "[t]he divisions of a court of common pleas are administrative units composed of those judges of the court responsible for the transaction of specified classes of the business of the court." 42 Pa.C.S.A § 952. The statute further explains that "[i]n a court of common pleas having two or more divisions *each division of the court is vested with the full jurisdiction of the whole court*[.]" **Id**. (emphasis added).

Here, the Philadelphia County Court of Common Pleas was competent to hear Robinson's case, which involved violations of the Pennsylvania Crimes Code occurring in Philadelphia County. Robinson does not allege that Judge

Woods-Skipper is not a duly elected judge of the Court of Common Pleas. Judge Woods-Skipper highlights that fact in her Pa.R.A.P. 1925(a) opinion. *See* PCRA Court Opinion, 1/29/21, at 4 ¶4. In addition, she observes that as an administrative matter, the various judges of the Court of Common Pleas of Philadelphia County are "required to retain PCRA actions where they were the sentencing judge regardless of which division they are assigned to at the time of [the PCRA] filing." *Id*. As such, even though she was serving in the orphans' court division of the Court of Common Pleas, she was assigned to address the instant post-conviction petition. Accordingly, we discern no error in Judge Woods-Skipper, a judge currently assigned to the orphan's court division who previously served at the trial judge in this matter, presiding over the instant petition in this case. Hence, Robinson's contrary claim lacks merit.

Second, Robinson argues that his *habeas corpus* petition was improperly classified as a PCRA petition because his request for relief was not cognizable under the PCRA. *See* Appellant's Brief at 6-9. To support his claim, Robinson insinuates that his sentence is akin to slavery and involuntary servitude and is therefore in violation of the Universal Declaration of Human Rights.[1] *See id*. Specifically, he alleges that "a substantive due process challenge to a term

---

[1] As the PCRA court explained, Robinson argues that the Thirteen Amendment to the United States Constitution contains an exception to the prohibition against slavery and involuntary servitude when a party commits a crime, which is in violation of the Universal Declaration of Human Rights. *See* PCRA Court Opinion, 1/29/21, at 4 n.3.

- 4 -

of life enslavement in violation of a treaty is not cognizable under the PCRA because [the] claim has no connection to the truth—determining process and does not render the underlying adjudication of guilt or innocence unreliable." *Id*. at 6.[2]  We must determine whether the PCRA court properly considered Robinson's petition to be a PCRA petition.

The PCRA sets forth the scope of the Act as providing "for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief."  42 Pa.C.S.A. § 9542.  The PCRA specifically directs that "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*."  *Id*.

Our Supreme Court explained that the plain language of the statute demonstrates that the General Assembly intended that claims that could be brought under the PCRA must be brought under that Act.  ***See Commonwealth v. Hall***, 771 A.2d 1232, 1235 (Pa. 2001).  Where a defendant's claims "are cognizable under the PCRA, the common law and

---

[2] Robinson claims that his sentence is in violation of a treaty.  However, he ignores the fact that the United States Supreme Court recognized that the Universal Declaration of Human Rights, while stating principles, is not a treaty or international agreement and imposes no legal obligations.  ***See Sosa v. Alvarez-Machain***, 542 U.S. 692, 734-735 (2004).  Therefore, it provides no legal authority to render Robinson's sentence illegal.

statutory remedies now subsumed by the PCRA are not separately available to the defendant." *Id*. (citations omitted). Thus, a collateral petition that raises an issue that the PCRA statute could remedy is to be considered a PCRA petition. *See Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013).

The question then is whether the claim at issue in Robinson's petition, that being his allegation that he is serving an illegal sentence, is a claim available under the PCRA. We have reiterated that "the PCRA statute is intended as the sole means of collaterally challenging a sentence." *Commonwealth v. Concordia*, 97 A.3d 366, 372 (Pa. Super. 2014) (citations omitted). Further, the PCRA states that a challenge to the legality of a sentence is cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2)(vii). Hence, because Robinson's claim is cognizable under the PCRA regardless of the caption of the petition, the court had no authority to entertain the petition except under the strictures of the PCRA.

We therefore turn to whether the court properly dismissed the petition as untimely. A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). This time requirement is mandatory

and jurisdictional in nature and goes to a court's right or competency to adjudicate a controversy. **See Commonwealth v. Robinson,** 837 A.2d 1157, 1161 (Pa. 2003) (citations omitted).

Our review reflects that Robinson's judgment of sentence was affirmed by this Court, and our Supreme Court subsequently denied his petition for allowance of appeal on May 15, 2007. **See Commonwealth v. Robinson**, 1676 EDA 2005 (Pa. Super. filed November 14, 2006) (unpublished memorandum), *appeal denied*, 923 A.2d 1173 (Pa. 2007). Robinson did not file a petition for writ of *certiorari* with the United States Supreme Court. Accordingly, his judgment of sentence became final on August 13, 2007, ninety days after the Pennsylvania Supreme Court denied his petition for allowance of appeal and the time for filing a petition for review with the United States Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. Therefore, the instant PCRA petition filed on February 12, 2020, is patently untimely, and we lack jurisdiction to consider its merits unless Robinson pleaded and proved a timeliness exception.

Section 9545 of the PCRA provides three exceptions that allow for review of an untimely PCRA petition: (1) the petitioner's inability to raise a claim because of governmental interference; (2) the discovery of previously unknown facts that would have supported a claim; and (3) a newly-recognized constitutional right. **See id**. A PCRA petition invoking one of these statutory exceptions must be filed within the time constraints set forth at 42 Pa.C.S.A.

§ 9545(b)(2). "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." ***Commonwealth v. Spotz***, 171 A.3d 675, 678 (Pa. 2017) (citation omitted).

Our review of the record reflects that Robinson did not specifically raise the issue of timeliness and did not plead any exception to the timeliness requirement in the instant filing. Accordingly, Robinson has not carried his burden to plead and prove the applicability of one of the exceptions. Consequently, the PCRA court did not commit any error in dismissing Robinson's petition as untimely. Hence, this Court has no jurisdiction to address the merits of Robinson's claims. ***See Robinson, supra***.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/30/2021