J-S16005-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER LEE PEPPLE | : | |
| | : | |
| Appellant | : | No. 1525 MDA 2021 |

Appeal from the PCRA Order Entered October 26, 2021
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0001699-2010

BEFORE: PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED JULY 06, 2022**

Christopher Lee Pepple seeks collateral relief from his conviction of several sex offenses and removal from the Commonwealth's Sexual Offender Registration and Notification Act ("SORNA") registry. To obtain such relief, Pepple filed two documents with the trial court, a petition seeking removal from the SORNA registry and a separate *pro se* PCRA petition, filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. The trial court addressed the filings in tandem and denied relief.[1] Upon careful review, we affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Since the court treated both petitions as a single PCRA proceeding, the court issued a single order denying relief. While we conclude the court erred in
*(Footnote Continued Next Page)*

On November 3, 2011, a jury convicted Pepple of criminal attempt to commit aggravated indecent assault of a child, indecent assault of a child, and endangering the welfare of a child for incidents involving a minor female family member. The trial court directed that Pepple be assessed by the State Sexual Offender's Assessment Board to determine whether he is a sexually violent predator ("SVP").

On February 22, 2012, the trial court sentenced Pepple to serve an aggregate term of incarceration of nine to thirty-four years. Although it was determined that Pepple is not an SVP, the trial court instructed that, upon his release on parole or probation, he register with the Pennsylvania State Police as a sex offender. Pepple filed timely post-sentence motions, which the trial court denied. Pepple did not take a direct appeal.

On September 21, 2012, Pepple filed a *pro se* PCRA petition. After a tortured history, the PCRA court denied relief on March 9, 2015. This Court affirmed that decision, and our Supreme Court denied a petition for allowance of appeal on December 28, 2016. **See Commonwealth v. Pepple**, 1532 MDA

---

treating the initial petition, seeking relief from SORNA registry requirements, as a PCRA petition, there is no violation of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (adopting a bright-line rule that separate notices of appeal must be filed when a single order resolves issues arising on more than one lower court docket), *overruled in part by* **Commonwealth v. Young**, 265 A.3d 465 (Pa. December 21, 2021). Since the court treated the two petitions as a single action, Pepple did not violate **Walker** by filing a single notice of appeal.

2015, 156 A.3d 334 (Pa. Super. filed August 11, 2016) (unpublished memorandum), *appeal denied*, 602 MAL 2016, 164 A.3d 477 (Pa. 2016).

In 2017, Pepple filed a motion challenging the constitutionality of Megan's Law, which the trial court construed as a PCRA petition. However, the matter was withdrawn at an evidentiary hearing in March 2018. Pepple filed another PCRA petition in 2019, which the PCRA court dismissed six weeks later.

The instant matter commenced on July 30, 2021, when Pepple filed a *pro se* petition seeking to be removed from the SORNA registry. On August 26, 2021, he filed a separate *pro se* PCRA petition, raising claims of trial counsel ineffectiveness. The lower court construed Pepple's filings to be a PCRA petition and a supplemental PCRA petition and directed the Commonwealth to file a single response. The court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss, and on October 26, 2021, the court entered a single order denying relief. This appeal followed, in which Pepple claims that his trial counsel was ineffective, the sentence imposed was illegal, and application of SORNA to him is in violation of his constitutional rights pursuant to **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017).

Our standard of review for an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. **See Commonwealth v. Phillips**, 31 A.3d

317, 319 (Pa. Super. 2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***See id***.

Initially, we must determine whether the PCRA court properly considered both of Pepple's filings to be PCRA petitions. "Whether an individual's claims are cognizable under the PCRA presents a question of law." ***Commonwealth v. Smith***, 240 A.3d 654, 657 (Pa. Super. 2020) (citation omitted). "[O]ur standard of review is *de novo*, and our scope of review is plenary." ***Id***. (citation omitted).

The PCRA sets forth the scope of the Act as providing "for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S.A. § 9542. Our Supreme Court explained that the plain language of the statute demonstrates the General Assembly intended that claims which could be brought under the PCRA must be brought under that Act. ***See Commonwealth v. Hall***, 771 A.2d 1232, 1235 (Pa. 2001). A collateral petition that raises an issue that the PCRA statute could remedy is to be considered a PCRA petition. ***See Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa. Super. 2013).

The question then is whether the claims at issue in each of Pepple's two filings to the trial court are cognizable under the PCRA. We first address Pepple's *pro se* PCRA petition, which included the first two arguments presented in this appeal. ***See*** Appellant's Brief at 19-24.

- 4 -

We have reiterated that "the PCRA statute is intended as the sole means of collaterally challenging a sentence." ***Commonwealth v. Concordia***, 97 A.3d 366, 372 (Pa. Super. 2014) (citations omitted). Further, the PCRA states that a challenge to the legality of a sentence is cognizable under the PCRA. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(vii). Likewise, the statute indicates that claims of ineffective assistance of counsel are cognizable under the PCRA. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(ii). Because Pepple's first two issues on appeal, which he presented to the trial court in his *pro se* PCRA petition, set forth claims that are cognizable under the PCRA, the court properly addressed them under the strictures of the PCRA.

We therefore turn to whether the trial court properly dismissed the *pro se* PCRA petition as untimely. A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). This time requirement is mandatory and jurisdictional in nature and goes to a court's right or competency to adjudicate a controversy. ***See Commonwealth v. Robinson,*** 837 A.2d 1157, 1161 (Pa. 2003) (citations omitted).

Our review of the record reflects that Pepple's judgment of sentence became final on August 22, 2012, thirty days after the trial court denied his

post-sentence motions and he failed to file a direct appeal. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). To be timely, Pepple needed to file the instant PCRA petition on or before August 22, 2013. Pepple did not file this PCRA petition until August 26, 2021. Accordingly, Pepple's PCRA petition is facially untimely, and we lack jurisdiction to consider its merits unless he pleaded and proved a timeliness exception.

Section 9545 of the PCRA provides three exceptions that allow for review of an untimely PCRA petition: (1) the petitioner's inability to raise a claim because of governmental interference; (2) the discovery of previously unknown facts that would have supported a claim; and (3) a newly recognized constitutional right. *See id*. A PCRA petition invoking one of these statutory exceptions must be filed within the time constraints set forth at 42 Pa.C.S.A. § 9545(b)(2). "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017) (citation omitted).

In his *pro se* brief to this Court, Pepple does not allege that any of the three exceptions apply. However, in his *pro se* PCRA petition, Pepple alleged the timeliness exception under 42 Pa.C.S.A. § 9545(b)(1)(ii), which requires that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." Nevertheless, Pepple failed to present evidence to the PCRA court in his PCRA pleading to support such a claim or to establish the exercise of

due diligence. Rather, in his PCRA petition, Pepple simply made the bald allegation that "The following facts were previously unknown to me: because of the ineffectiveness of court appointed counsel[.]" PCRA Petition, 8/26/21, at 3. Specifically, Pepple failed to set forth any pertinent facts that would allow him to exercise the exception. Moreover, Pepple failed to specify the date on which he learned of any alleged facts. Without presenting any alleged facts to support application of the exception and pleading exactly when he discovered relevant facts, Pepple is not entitled to the exception.

Accordingly, the timeliness exception under section 9545(b)(1)(ii) does not provide relief from the late filing of the PCRA petition. Because the PCRA petition was untimely and no exceptions apply, the PCRA court properly concluded it lacked jurisdiction to address the claims presented and grant relief.

We next consider whether the trial court properly addressed, under the strictures of the PCRA, Pepple's separate petition seeking relief from the application of SORNA, which corresponds with the third argument presented on appeal. *See* Appellant's Brief at 25-30. Pepple argues our Supreme Court determined in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), that SORNA is unconstitutional and punitive. *See* Appellant's Brief at 26. He asserts that under *Muniz*, SORNA cannot be retroactively applied to defendants whose convictions predated the enactment of SORNA on December 20, 2012. *See id*. at 27. Pepple notes that under the recent amendments to SORNA, his

registration requirement increased from a 10-year registration to lifetime registration. **See id**. at 29-30.

In **Commonwealth v. Lacombe**, 234 A.3d 602 (Pa. 2020), our Supreme Court determined that sex offender registrants should not be restricted to using the PCRA as the sole means for challenging registration requirements. **See id**. at 617-618. Subsequently, in **Smith**, we held that SORNA imposes non-punitive, administrative requirements upon registrants, and therefore, substantive claims challenging SORNA's registration requirements are not cognizable under the PCRA. **See Smith**, 240 A.3d at 658. Accordingly, Pepple's instant challenge to his sex offender registration need not comply with the strictures of the PCRA, including its timeliness requirements. Therefore, we conclude that the trial court erred in construing Pepple's petition challenging the application of SORNA's sex offender registration requirements to be an untimely PCRA petition.

Regardless, we detect no constitutional violations pertaining to the sex offender registration requirements imposed upon Pepple, and therefore, we discern no error by the trial court in dismissing the petition. As alluded to earlier, **Muniz** held that the initial iteration of SORNA was punitive and its retroactive application to offenders who committed offenses prior to its 2012 effective date amounted to *ex post facto* violations. **See Muniz**, 164 A.3d at 1218. In response to **Muniz**, our General Assembly amended SORNA in 2018, adding Subchapter I to apply to those offenders who, like Pepple, committed

offenses prior to SORNA's 2012 enactment. ***See*** 42 Pa.C.S.A. §§ 9799.51-9799.75. Subsequently, our Supreme Court held that Subchapter I's sex offender registration requirements are non-punitive and their application is not an *ex post facto* violation. ***See Lacombe***, 234 A.3d at 626-627.

Here, we note Pepple filed the first petition, challenging his registration requirements, while he was still incarcerated.[2] It is therefore unclear on this record whether the State Police have officially notified Pepple of his registration requirements. Further, Pepple's petition does not allege, let alone prove, that the Pennsylvania State Police have failed to comply with Subchapter I. On this record, Pepple's claim that his SORNA sex offender registration requirements are punitive and amount to *ex post facto* violations lacks merit. Hence, no relief is due under this argument and we affirm the dismissal of the petition that sought removal from the SORNA registry.[3]

In summary, the trial court properly determined that Pepple's *pro se* PCRA petition was untimely filed, and no exceptions apply. Also, although the trial court erred in construing Pepple's petition seeking relief from the application of SORNA to be an untimely PCRA petition, we nevertheless discern

---

[2] A search on [www.inmatelocator.cor.pa.gov](www.inmatelocator.cor.pa.gov) on 6/13/22 indicated that Pepple was still incarcerated on that date.

[3] We note that an appellate court may affirm the decision of a trial court when it is correct on any basis, regardless of the basis upon which the trial court relied. ***See Commonwealth v. Priovolos***, 746 A.2d 621, 626 n.6 (Pa. Super. 2000) (citation omitted).

no error in the dismissal of the petition because the argument upon which relief is requested lacks merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/06/2022